BARRENTINE v. HENRY WRAPE COMPANY.

Opinion delivered December 16, 1912.

1. MASTER AND SERVANT—DUTY TO PROTECT SERVANT.—A master owes to his servant engaged in performing the master's service the duty to use ordinary care to free the premises from known dangers, including dangers from negligent or wilful acts of fellow-servants; but, while it is not necessary that the particular act of negligence should be committed by a fellow-servant while in the strict performance of his services, it is essential to the master's liability that he should have had control of such fellow-servant. (Page 487.)

2. SAME—NEGLIGENCE OF FELLOW-SERVANT—COMPLAINT.—A complaint by a servant alleging that, while plaintiff was returning to his work he was struck in the eye by a rock thrown by one of defendant's servants, without alleging either that the injury was received while plaintiff was on the master's premises, and that the injury resulted from a danger of which the master was aware and that failed to exercise ordinary care to prevent it, or that the other servants, while on the master's premises, were negligently throwing missiles and the employer knew of it and failed to exercise ordinary care to prevent injury, held, not to allege a cause of action. (Page 487.)

Appeal from White Circuit Court; *Eugene Lankford,* Judge; affirmed.

*J. N. Rachels,* for appellant. ·

1. A master must exercise ordinary care to furnish his servant a reasonably safe place to work. 98 Ark. 34; 97 Ark. 180; 95 Ark. 477; 92 Ark. 138; *Id.* 350.

It is also his duty to exercise the same care to furnish a reasonably safe place of entry and exit to and from his work, especially where this entry and exit is over the master's own premises. 98 Ark. 259; 85 Ark. 503.

2. If the master knows of habits and practices of his employees which are dangerous to others and fails to exercise reasonable care to prevent such practices, he will be guilty of negligence for failing to exercise such care. 199 N. Y. 388; 32 L. R. A. (N. S.) 1038; 168 U. S. 135; Shearman & Redfield, Negligence (5 ed.), § 141; 28 N. Y. Supp. 53; 148 N. Y. 752; 43 N. E. 990.

*S. Brundidge,* for appellee.

No cause of action is stated. The master is responsible only for such torts of his servants as are committed in the course of his employment and for the master's benefit. 77 Ark. 608; 33 Neb. 582; 96 Ark. 365; 58 Ark. 387; 75 Ark. 585; 67 Ark. 112; 131 Fed. 161.

McCulloch, C. J. Appellant instituted this action against appellee in the circuit court of White County to recover damages for personal injuries alleged to have been sustained while he was employed by appellee to work at its stave-mill near Searcy, Arkansas. He alleges that other employees were throwing stones and other missiles, and that, while he was returning from his home to his place of work during the noon hour, one of the missiles struck him in the eye and inflicted a serious injury. The paragraph of the complaint setting forth the alleged acts of negligence and the manner in which the injury was inflicted reads as follows:

"That on the 31st day of October, 1911, and for many days prior thereto the defendant company allowed its hands, servants, and employees to engage in throwing rocks, coal, sticks, chunks and other dangerous missiles about its plant and upon the yards, and that at the noon hour on the 31st day of October, 1911, while the plaintiff, James W. Barrentine, was returning from his home to re-engage at work, he, being one of the employees of the defendant, was struck by a rock thrown by one of the servants of the defendant company in the left eye. That the lick received upon the left eye by the rock from the hand of the servant of the defendant company was because of the wilful disregard of the plaintiff's rights and safety by the defendant company. That the defendant company had many times been warned that the throwing of rocks, coal, chunks, sticks and other missiles was dangerous, and that if they did not stop it some one would receive a severe and painful and probably fatal blow sooner or later. That the defendant company had many times promised to stop such conduct, and had expressed itself as knowing that such conduct was dangerous, and that it would sooner or later bring painful affliction to some member of its crew."

The court sustained a demurrer to the complaint on the ground that facts were not stated therein sufficient to consti-

tute a cause of action, and, appellant declining to plead further, the complaint was dismissed.

Appellant insists that he has set forth a cause of action in stating that he was injured by reason of the course of wilful or negligent conduct on the part of other employees which was known to appellee, and which it promised to restrain or prevent, but failed to do so. He invokes the rule established by some of the authorities that "the master may be considered in such case guilty, not of the wrongful act itself, but only of neglect to restrain his servants from doing it." Shearman & Redfield on Negligence, § 141; *Fletcher* v. *Baltimore & P. R. Ry. Co.*, 168 U. S. 135; *Hogle* v. *H. H. Franklin Mfg. Co.*, 199 N. Y. 388, 32 L. R. A. (N. S.) 1038; *Swinarton* v. *Le Boutellier*, 148 N. Y. 752; *Dean* v. *Depot Co.*, (Minn.) 43 N. W. 54.

In order to bring the case within the operation of this rule, it is not always essential that the particular act of negligence should have been committed by the servant while he is strictly performing the master's service; for, as said in the above quotation, even though the negligent act of the servant may not be permitted under such circumstances as would make it the act of the master, the latter is guilty of negligence if he fails to restrain the servant from doing it while under his control. The master owes to his servants, while on his premises to perform service, and also to strangers who rightfully come upon the premises, the duty of exercising ordinary care to free the premises from known dangers, all dangers of which the master is informed. This, of course, includes dangers arising from negligent or wilful acts of the servants. Though it is not essential to the master's liability that the negligent servant should be acting at the time within the scope of his authority, yet it is essential that the master should have control of him or the opportunity to control his actions before the liability attaches on account of his conduct. If the servant in committing the negligent act is not proceeding within the line of his duty, and is not at the time within the control of the master, then the latter is not liable. The difficulty with the case attempted to be made by appellant in his complaint is that he does not state either that the conduct of other servants in throwing the stones was done upon the premises of appellee or that it was done by the servants while

they were in a situation that appellee could have control of them; nor does it allege that appellant was upon the premises of his employer at the time he was injured. If he had stated in his complaint that, while he was on the premises of his employer, the injuries resulted from a danger of which the employer was aware, and failed to exercise ordinary care to prevent them, then a case would have been stated. Or, if he had stated that the other servants, while on the premises of the employer, were negligently or wilfully throwing missiles, and the employer knew of it and failed to exercise ordinary care to prevent it, a case would have been stated. But these facts were not alleged in the complaint. The allegation is that the other servants were on that day, and had been for several days, engaged in throwing rocks and other dangerous missiles about the plant and upon the yard, and that at the noon hour appellant was struck by a rock thrown by one of the servants. As before stated, it is not shown that he was on the premises at the time, or that the servants were on the premises. For aught that the complaint shows, the servants may have been out on the street, beyond the control of the employer, and the appellant himself somewhere on the street returning from his home. The complaint therefore utterly failed to state sufficient facts to make out a case of liability, and the circuit court was correct in sustaining the demurrer.

Judgment affirmed.