THE HENRY WRAPE COMPANY *v.* BARRENTINE.

## Opinion delivered May 7, 1917.

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENT ACT OF FELLOW SERVANT.—Where one servant is injured by the negligent act of another, if the latter, in committing the negligent act is not proceeding within the line of his duty, and is not at the time within the control of the master, then the master is not liable.

2. INSTRUCTIONS — DOUBTFUL VERBIAGE — SPECIFIC OBJECTIONS. — Doubtful phraseology and verbiage in instructions can be reached by specific objections only, if the law applicable to the case has been correctly given in other instructions.

3. APPEAL AND ERROR—INCORRECT INSTRUCTION—GENERAL OBJECTION AND REQUEST FOR CORRECT INSTRUCTION.—Where the court gave an erroneous instruction, to which appellant objected generally, the asking of a correct instruction in the identical issue will be treated as a specific objection to the erroneous one.

4. EVIDENCE—PLEADINGS AS EVIDENCE.—Statements of fact in a party's pleadings may be used against him as evidence of those facts, provided he had knowledge of their contents, and the allegations therein were inserted by his direction.

5. EVIDENCE—PLEADINGS AS EVIDENCE.—A demurrer to a complaint was sustained on appeal on the ground that it did not state a cause of action. Another action was brought on the same cause of action. *Held*, the trial court properly refused to allow the introduction of the complaint in the first action in evidence for the purpose of showing that a cause of action had not been stated, until the Supreme Court indicated what allegations were necessary.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; reversed.

*Brundidge & Neelly*, for appellant.

1. The case should be reversed for the improper argument of counsel for plaintiff. 58 Ark. 368; *Ib.* 473; 61 *Id.* 130; 63 *Id.* 174; 65 *Id.* 625; 70 *Id.* 305; 72 *Id.* 427.

2. It was error to refuse to permit defendant to identify and introduce plaintiff's former complaint. 105 Ark. 485; 1 R. C. L., § 34; 10 *Id.* 34.

3. The court erred in refusing instructions Nos. 7, 8, 9 and 10 as requested. They all told the jury that defendant was not liable unless the person inflicting the injury was at the time under the control of defendant and acting for it. This is the law. 105 Ark. 487.

4. It was error to give No. 5 for plaintiff. It was abstract and misleading. Also in giving No. 6. A peremptory instruction for defendant should have been given. 105 Ark. 485; Sherm & Redf. on Negl. 141; 168 U. S. 135; 199 N. Y. 388; 32 L. R. A. (N. S.) 1038; 148 N. Y. 752; 43 N. W. 54.

*Rachels & Yarnell,* for appellee.

1. There is no error in the instructions given or refused. A case was made for a jury and they were properly instructed. 120 Ark. 206; 123 *Id.* 266-271; Acts 1907, Act 69; 32 L. R. A. (N. S.) 1038; 105 Ark. 485; 93 *Id.* 564; 90 *Id.* 108; 93 *Id.* 583; 102 *Id.* 648; 96 *Id.* 189. No specific objections were made to the instructions given. 96 Ark. 189; 119 *Id.* 537; 121 *Id.* 601; 102 *Id.* 326. But similar instructions were given substantially and the court need not multiply instructions on the same point. 121 Ark. 599-601; 102 *Id.* 326.

2. There was no prejudice in the court's action refusing to admit the complaint in the first suit. 33 Ark. 251-3; 102 Ark. 326, 640-5, etc. But the complaint is not made part of the bill of exceptions. 74 Ark. 90; 3 Enc. Pl. & Pr. 427; 70 Ark. 368; 124 *Id.* 161.

3. The remarks of counsel were not prejudicial. But if so, the court cured any possible error. 88 Ark. 62, 72-3, 103 *Id.* 356-9, 100 *Id.* 437-445; 89 *Id.* 87. The remarks were merely humorous. 97 Ark. 344; 90 *Id.* 398. No prejudice is shown. 74 Ark. 256, 259; 120 *Id.* 30.

HUMPHREYS, J. Appellee instituted this suit in the White circuit court against appellant to recover damages in the sum of $2,999 on account of an injury to his eye inflicted by a fellow servant negligently throwing a missile and hitting him therein, during the noon hour. Appellant denied the material allegations of the complaint and pleaded contributory negligence on the part of appellee.

A verdict of $1,500 was returned in favor of appellee, and a judgment rendered thereon, from which judgment an appeal has been prosecuted to this court.

Prior to the institution of this suit, appellee brought a suit against appellant in the same court, to which appellant filed a demurrer. The demurrer was sustained on the ground that the complaint did not state facts sufficient to constitute a cause of action. The appellee stood upon his complaint and the court dismissed his suit. Appellee then appealed the cause to the Supreme Court and the judgment of the lower court was affirmed. That case is reported under the style of *Barrentine* v. *Henry Wrape Company*, 105 Ark. 485. In that case, this court held that it was the master's duty to use ordinary care to free his premises from known dangers, including dangers from negligent or wilful acts of fellow-servants; that when the fellow-servant committed the injury by a negligent act, it was necessary for him to be under the control of the master, but not necessary that he be in the strict performance of his duty at the time.

(1) This is the second trial and appeal in the instant case. The court directed a verdict for appellant on the first trial, from which appellee appealed, and the case is reported in Volume 120, Arkansas Reports, page 206. The case was reversed by this court, upon the ground that the evidence tended to establish an issue in favor of appellee herein. In the discussion of the case, the court had occasion to reiterate the rule laid down in *Barrentine* v. *Henry Wrape Company*, 105 Ark. 485, which rule is as follows: "The master owes to his servants, while on his premises to perform service, and also to strangers who rightfully come upon the premises, the duty of exercising ordinary care to free the premises from known dangers, all dangers of which the master is informed. This, of course, includes dangers arising from negligent or wilful acts of the servants. Though it is not essential to the master's liability that the negligent servant should be acting at the time within the

scope of his authority, yet it is essential that the master should have control of him or the opportunity to control his actions before the liability attaches on account of his conduct. If the servant in committing the negligent act is not proceeding within the line of his duty, and is not at the time within the control of the master, then the latter is not liable.'' The above rule is the law in this 'case, applicable to the facts herein, for the facts now before the court are substantially the same facts presented by the record on the former appeal.

It is insisted by appellant that the court committed error in refusing to give a peremptory instruction. The court on the first hearing of the case gave a peremptory instruction and the cause was reversed for that reason, holding that the facts, under the law, presented an issue to be determined by the jury. We have examined carefully to ascertain whether there are any material changes in the evidence and have been unable to find sufficient additional evidence to justify a peremptory instruction. Learned counsel have not pointed out wherein the evidence in this case differs materially from the evidence on the former appeal.

(2-3) Appellant contends that the court committed reversible error in giving instruction No. 5, which omitted the words ''ordinary care.'' Appellee contends that these words were carried in instructions Nos. 1 and 4, given by the court on the part of appellee, and instructions Nos. 2 and 3, on the part of appellant, and that it was not necessary to insert these words in instruction No. 5, unless the objection made by appellant to the instruction at the time was specific and not general. Appellee calls the court's attention to the fact that had a specific objection been made the trial court would have inserted the words because they were inserted in other instructions, showing that the court fully understood the law but inadvertently omitted them from instruction 5. Appellee is correct in his contention that doubtful phraseology and verbiage in instructions can be reached

by specific objections only, if the law applicable to the case in hand has been correctly given in other instructions. In excepting to instruction No. 5, a general objection only was made, no specific error being pointed out to the court by counsel for appellant in so many words; but appellant did ask for two instructions, Nos. 2 and 3, to the effect that appellant was required to use *ordinary care* to prevent injury to its employees by their fellow-servants, and to use *ordinary care* to free the premises from known dangers. The court gave these two instructions and two requested by appellee, which were in conflict with instruction No. 5. The asking of the two correct instructions by appellant, which were given, in conflict with No. 5 given by the court, constituted a specific objection to those instructions, as much so as if an objection had been made in specific words. *Chicago Mill & Lbr. Co.* v. *Johnson,* 104 Ark. 67.

Instruction No. 5, objected to by appellant, is not the law applicable to this case, and should not have been given by the court over the specific objection of appellant. The objection was sufficiently preserved in the motion for new trial.

(4-5) Appellant contends that the court committed reversible error in refusing to permit the original complaint, filed in the first case, to be read. Counsel say that the purpose of introducing that complaint was to show that the allegations made therein stated no cause of action and that no cause of action was ever stated until the Supreme Court indicated what allegations were necessary. In drafting complaints, attorneys frequently fail to state a cause of action, and when demurrers are sustained they are permitted under our liberal law of amendments to set out a cause of action, if possible. Certainly it would not do to lay down the rule that litigants are so bound by pleadings that they are thereafter precluded from stating a cause of action if their attorneys in the first drafts of complaints fail to do so. We have

never gone any further than to permit the use of pleadings between the same parties in other cases for the purpose of contradicting the party signing the pleadings when he takes the stand as a witness, or as admissions by him against interest. *Taylor* v. *Evans,* 102 Ark. 640, and cases cited.

"The general rule is that statements of facts in a party's pleadings may be used against him as evidence of those facts, provided he had knowledge of its contents and the allegations therein were inserted by his direction." 1 R. C. L., p. 495.

For the error indicated, the cause is reversed and remanded for a new trial.