## LOUIS WERNER SAWMILL COMPANY *v.* DYER.

### Opinion delivered December 3, 1917.

1. LIMITATIONS—PERSONAL INJURY ACTION.—In a personal injury action defendant in its answer said "the defendant specifically pleads the statute of limitations in case of recovery of plaintiff." *Held,* the plea was sufficient under section 5, Act 175, session 1913, to raise the issue of limitations, and the use of the word "case" was a misprison, and would be treated as though the word "bar" has been used.

2. LIMITATIONS—PERSONAL INJURY ACTION.—Plaintiff's action held barred by limitations, under section 5, Act 175, Acts of 1913.

3. LIMITATIONS—VESTED RIGHT OF DEFENSE.—A defendant has a vested right in the defense of the statute of limitations, of which he can not be deprived by subsequent legislation.

4. INSTRUCTIONS—MUST BE VIEWED AS A WHOLE.—The instructions given by the court must be taken as a whole, and as such the rulings of the court in passing upon the same must be consistent.

5. APPEAL AND ERROR—INSTRUCTIONS—INSTRUCTION TREATED AS SPECIFIC OBJECTION.—A prayer for an instruction is tantamount to a specific objection to some other instruction given by the court with which the instruction prayed for is in conflict, or which the instruction prayed for and refused was intended in lieu of, or as a modification of, or limitation, upon.

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; reversed.

*Aylmer Flenniken,* for appellant.

1. The court erred in refusing to give instruction No. 3 for defendant on assumed risk. 97 Ark. 486; 81 *Id.* 343; 56 *Id.* 206; 96 *Id.* 387; 87 *Id.* 321.

2.   Also in refusing No. 4, asked by defendant. The suit was barred.   Acts 1913, No. 175.   Limitation was pleaded.

3.   It was error to give No. 3, asked by plaintiff; also No. 4.   Plaintiff knew of the danger and risk and assumed it.   No negligence of defendant was proven.   95 Ark. 291; 81 *Id.* 343; 77 *Id.* 367; 68 *Id.* 316; 48 *Id.* 346; 53 *Id.* 117; 77 *Id.* 367.   No. 4 is also abstract.   37 *Id.* 580; 77 *Id.* 567.   It ignores the assumption of risk.   97 Ark. 486.

*H. S. Powell,* for appellee.

1.   Act No. 175, Acts 1913, does not apply.   Besides limitation was not pleaded.   19 Ark. 16; 78 *Id.* 211; 80 *Id.* 181.   The act is only applicable to suits brought under the act.   80 Ark. 221; 106 *Id.* 371.

2.   The court erred in its instructions.   Appellant having agreed to appellee's first instruction, can not complain of the refusal to give its fourth.   80 Ark. 180; 93 *Id.* 573.   Limitation as well as assumed risk and contributory negligence must be pleaded.   105 Ark. 205-240; 89 *Id.* 522.

3.   There was no error in refusing appellant's instruction No. 3.   107 Ark. 512; 122 *Id.* 227.   Nor in giving appellee's requests 3, 4 and 8.

4.   Act 364, volume 2, Acts 1917, page 1789, was in force when this suit was tried, and under it the limitation was three years.

### STATEMENT OF FACTS.

The appellee was in the employ of the appellant as millwright, and on the 13th day of January, 1914, he was injured while doing certain repair work, consisting of the building of a chute under the log deck of the mill.   Appellee was ordered by the mill foreman to construct the chute, and he informed the foreman that it was dangerous to work under the holes in the log deck of the mill while the mill was running because pieces of timber at any time might come through and fall on him.   The foreman insisted that he go ahead and build the chute, and informed

appellee that he, the foreman, would go up on the deck and see that nothing fell through the holes while he was so engaged. Relying upon this promise, appellee went to work on the chute and while so engaged a heavy piece of timber drawn up by logs from the mill · pond fell through one of the holes above the chute on which appellee was working, and struck him on the head, causing a severe and permanent injury.

On the 28th of February, 1916, the appellee instituted this suit against the appellant, alleging that he was injured through appellant's negligence, and asking for damages. The appellant answered, denying the allegations of the complaint, and setting up the defenses of assumed risk and contributory negligence, and further answering "the defendant specifically pleads the statute of limitations in case of recovery of plaintiff."

The appellee testified that he was injured on January 13, 1914, and further detailed the circumstances of his injury substantially as above set forth.

The cause was submitted to the jury upon eight separate prayers granted at the instance of the appellee and four prayers granted at the instance of the appellant. The record recites the following: "These were all the instructions given by the court requested by the plaintiff. After the court had passed on and given the above eight instructions requested by the plaintiff, and after the defendant had saved exceptions as shown to plaintiff's instructions numbered 3, 4 and 8, the defendant then requested the court to give the following instructions numbered from 1 to 6 inclusive, the action of the court thereon and exceptions of the defendant being as follows, towit." Then follows instruction numbered 1, given at the instance of the appellee, as follows: · "You are instructed that if you find, from a preponderance of the evidence, that the plaintiff was injured on account of the negligence of the defendant's foreman in permitting a piece of timber to fall from the mill deck and strike him, while under the instruction of the said foreman he was engaged in doing work under the deck, and was not due to his own con-

tributory negligence, or on account of any risk assumed by him, then it will be your duty to return a verdict for the plaintiff.''

Then follows the other seven instructions given at the appellee's request. The record shows that no objection was offered to the giving of appellee's instruction No. 1. After appellee's prayers for instructions were granted by the court, the appellant presented, among others, the following prayer for instruction numbered 4, towit:

''You are instructed that if you find from a preponderance of the evidence in this case that the alleged injury complained of occurred more than two years prior to the filing of this suit, which was filed on the 28th day of February, 1916, then you should find for the defendant.''

The court refused to grant this prayer, to which appellant duly excepted, and made this ruling one of the grounds of its motion for a new trial.

The verdict and judgment were in favor of the appellee and appellant duly prosecutes this appeal.

WOOD, J., (after stating the facts). The appellee's cause of action was barred by the statute of limitations.

(1-2) Section 5 of Act 175 of the Acts of 1913 is as follows: ''That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.'' This is a part of the Employers' Liability Act, the first section of which provides: ''That every corporation, except while engaged in interstate commerce, shall be liable in damages to any person suffering injury while he is employed by such corporation,'' etc.

The appellee contends that the statute of limitations was not pleaded, but the language above quoted from the answer was sufficient to advise the appellee that the appellant was relying upon the two years statute of limitations in bar of appellee's cause of action. True the word ''case'' is used instead of the word ''bar,'' but the con-

text shows that the use of the word "case" was a mere clerical misprision, and the plea should be read by substituting the word which the context shows was manifestly intended. The plea was sufficient on demurrer, and if appellee desired that the same be made more specific he should have called attention thereto by motion. The plea was sufficient to admit proof to show that the action was barred by limitations. The complaint itself showed that the suit was instituted on February 28, 1916, and the undisputed evidence of the appellee showed that his injury occurred on the 13th day of January, 1914. Therefore, the evidence shows that more than two years had elapsed between the time of the alleged injury and the institution of the suit. This proof was sufficient to warrant the appellant in presenting a prayer for instruction based upon the provision of the statute of limitations contained in the Employers' Liability Act. The allegations of the complaint and the undisputed testimony were sufficient to show that the appellant corporation was not engaged in interstate commerce at the time the appellee received his injury, and the very language in which appellant's prayer for instruction is couched also shows that the appellant was relying upon the limitation contained in the above statute, because that is the only statute which prescribes a limitation of two years after the accrual of a cause of action for the bringing of such suits. It is impossible to escape the conclusion, when the record as a whole is considered, that the appellee based his cause of action upon the Employers' Liability Act, and that the appellant invoked and was relying upon the statute of limitations contained in that act as a bar to the appellee's right to sue.

(3) The appellee further contends that he had a right to maintain the suit under the provisions of act 364 of the Acts of 1917, volume 2, page 1789, the first section of which is as follows: "That section 5 of Act 175 of the Acts of 1913 be amended to read as follows: "That no action shall be maintained under this act unless commenced within three years from the date the cause of

action accrued, and this shall apply to all causes of action heretofore accrued if suit has been filed or shall be filed within three years from the date the cause of action accrued.''

But this court, in the early case of *Couch* v. *McKee*, 6 Ark. 484, held that one could have a vested right in the defense of the statute of limitations of which he could not be deprived by subsequent legislation, and this holding was reiterated in the recent case of *Rhodes* v. *Cannon*, 112 Ark. 6.

At the time of the passage of the act of 1917, *supra*, appellant's defense to appellee's cause of action, then pending, was complete. The bar of the statute of limitations under which that action was brought, and which was set up and pleaded as a defense to that action, was then a vested right of which appellant could not be deprived by the subsequent statute.

(4-5) Appellee further contends that inasmuch as the appellant made no objection to the ruling of the court in granting appellee's prayer numbered 1, that it waived its right to raise, and is estopped from raising the objection to the ruling of the court in refusing its prayer numbered 4. But the instructions must be taken as a whole, and as such the rulings of the court in passing upon the same must be consistent. This court has held that a prayer for an instruction is tantamount to a specific objection to some other instructions given by the court with which the instruction prayed for is in conflict or which the instruction prayed for and refused was intended in lieu of or as a modification of or limitation upon. See *Henry Wrape Co.* v. *Barrentine*, 129 Ark. 111, 195 S. W. 27; also *Chicago Mill & Lumber Co.* v. *Johnson*, 104 Ark. 67.

Under this rule, appellant's prayer for instruction No. 4 must be taken as a specific objection to the ruling of the court in granting appellee's prayer No. 1, unless the court also embodied in its charge appellant's prayer No. 4. Appellant's prayer No. 4 must be taken as a request on the part of the appellant that the same be

granted and considered by the jury in connection with appellee's prayer No. 1.

Therefore, for the error in refusing to grant appellant's prayer No. 4, the judgment is reversed, and the cause will be dismissed.