HENRY WRAPE COMPANY v. BARRENTINE.

Opinion delivered April 7, 1919.

1. APPEAL AND ERROR—SUBSEQUENT APPEAL—LAW OF THE CASE.—A rule of law announced on a prior appeal is the law of the case on a subsequent appeal where the facts on the second trial were substantially the same as on the first trial.

2. MASTER AND SERVANT—ASSUMPTION OF RISK.—One who continues to work after complaining of a custom of his fellow employees throwing stones on the master's premises during rest hours, and with appreciation of the danger, assumes the risk of injury.

3. SAME—MISCONDUCT OF FELLOW SERVANT—DUTY OF EMPLOYER.— The master is liable for negligence in failing to discover, and to suppress, the dangerous practice of employees throwing stones about the premises.

4. MASTER AND SERVANT—ASSUMED RISK—JURY QUESTION.—In an action for injuries from stones thrown by a fellow servant during rest hours while on the master's premises, evidence *held* to warrant submission to jury of assumed risk from continuing to work with knowledge of the danger.

5. MASTER AND SERVANT—PERSONAL INJURIES—INSTRUCTION.—In an action by a servant for injuries from stones thrown by a fellow servant during rest hours while on the master's premises, an instruction embracing the abstract proposition of the assumption by a servant of all the ordinary and usual hazards of the service was properly refused as misleading.

6.  TRIAL—REQUESTED INSTRUCTION.—It was not error to refuse a requested instruction which was not accurate and free from criticism.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

The judgment should be reversed and the cause dismissed, because:

1. The court erred in refusing to give the jury the peremptory instruction requested, as the evidence shows that appellee assumed the risk of injury at the time he entered the employment. He was of age and fully realized and appreciated the danger arising from the practice of throwing stones and missiles about the mill plant. 3 Labatt Master & S. (2 ed.), p. 3170, § 1182; 62 Ark. L. R. 695; 96 Ark. 387; 95 *Id.* 560; 105 *Id.* 533; 90 *Id.* 411; 77 *Id.* 367-458; 82 *Id.* 11; 161 Mass. 153; 68 Ark. 319; 56 *Id.* 237. See also 77 Ark. 375; 99 *Id.* 377; 104 *Id.* 489; 18 R. C. L. 683, § 172; 126 Fed. 501; 81 N. E. 529; 206 S. W. 655.

2. The court erred in giving instruction No. 1 requested by plaintiff (1) because it assumed that plaintiff was injured upon the premises of defendant and while in its control and while said fellow servant was in the discharge of his duties, and (2) because it failed to tell the jury that if plaintiff assumed the risk and same was obvious to him and he continued to work, he could not recover. Cases *supra.*

3. The court erred in its refusal to give instructions Nos. 8, 9, 10 and 11, requested by appellant. 105 Ark. 487.

4. The court erred in its refusal to give No. 14, requested by defendant. The question of assumption of risk was not submitted to the jury in any other instruction for defendant. Cases *supra.*

5. It was error to admit parol testimony to establish the incorporation of defendant. Kirby's Dig., § 845; 107 Ark. 58.

*J. N. Rachels,* for appellee.

1. There is but one question raised here, that of "assumed risk." The law of this case was settled on the former appeals, except assumed risk. 105 Ark. 485; 120 *Id.* 206, and 129 *Id.* 111.

2. The question of assumed risk was not raised in any of these appeals or trials and the question has no place here. 116 Ark. 196. Act 69, Acts 1907, abolishes the doctrine of assumed risk as a defense. 90 Ark. 543; 92 *Id.* 92. See 206 S. W. 677; 32 L. R. A. (N. S.) 1028.

3. There should be a limitation on the right to amend answers. 60 Ark. 531; 85 *Id.* 43; 120 *Id.* 601. See also as to the "assumption of risk," 9 C. C. A. 130; 23 U. S. App. 62; 69 Fed. 553; 29 C. C. A. 374; 85 Fed. 608; 3 N. E. 627; 26 *Id.* 210; 2 *Id.* 24; 25 *Id.* 373; 156 Ill. App. 602; Labatt on M. & S. (2 ed.), § 894; 14 L. R. A. 737; 126 Ark. 452; 116 N. E. 324. "Assumed risk" has no place in this case, and every other question has been settled by the former appeals.

McCULLOCH, C. J. Appellee instituted this action against appellant to recover damages on account of personal injuries. He alleged, in substance, that while in the service of appellant company upon its premises and in the discharge of his duty he was struck in the eye by a rock thrown by one of the company's employees while such employee was upon the premises of the company, and under its control, and that the company was guilty of negligence in failing to exercise care to protect him from danger.

The answer denied the material allegations of the complaint, and set up affirmatively as a defense assumption of risk.

This is the fifth appeal in this case. See 105 Ark. 485, 113 Ark. 196, 120 Ark. 206, 129 Ark. 111.

The defense of assumed risk was raised for the first time at the trial which resulted in the judgment for appellee, from which is the present appeal.

Appellee testified that when he went to ask employment of appellant he saw and knew that the dangerous practice of throwing stones was going on. After he accepted employment he saw it every day during the twenty months he worked for the appellant company; it was going on practically all the time. He had frequently complained to the management about it and they had declined to correct the evil and never promised appellee that they would correct it. Nevertheless, he remained in the employment of the appellant for twenty months with full knowledge that he was liable to get hurt. He gave as his reason for remaining in the service, with such knowledge, that he was out of a job and was looking for work.

After appellee had so testified, appellant asked permission to amend its answer setting up the defense of assumed risk, and over the objection of appellee the request was granted.

At the conclusion of the testimony, appellant presented certain prayers for instructions on the issue of negligence, defining the duties and obligations of the master to the servant under the facts which the testimony tended to prove. Some of these the court granted and some it refused. We deem it unnecessary to set forth these prayers for instructions.

Appellant also requested instruction on the subject of assumed risk, which reads as follows:

"The jury are instructed that, under the law, when the plaintiff entered the service of the defendant company and continued in said employment, he assumed all the ordinary and usual hazards incident to such employment, and he also assumed the risk from the manner in which he knowingly sees and observes that the business is being operated and carried on; and if you find, from the testimony, that prior to the injury plaintiff had been in the employ of the defendant company for a period of twenty months, or thereabouts, during which time he saw and knew of the dangerous habits of some of the employees in throwing missiles and stones, and that he appreciated this danger and continued in the service, then

under the law he assumed the risk of injury therefrom, if any, and you will find for the defendant.''

Appellant also asked that the jury be instructed to return a verdict in its favor, which the court refused.

The appellant duly excepted to these rulings.

On the first appeal in this case, we said: ''The master owes to his servants, while on his premises to perform services, and also to strangers who rightfully come upon the premises, the duty of exercising ordinary care to free the premises from known dangers, all dangers of which the master is informed. This, of course, included dangers arising from negligent or wilful acts of the servants. Though it is not essential to the master's liability that the negligent servant should be acting at the time within the scope of his authority, yet it is essential that the master should have control of him, or the opportunity to control his actions, before the liability attaches on account of his conduct. If the servant in committing the negligent act is not proceeding within the line of his duty, and is not at the time within the control of the master, then the latter is not liable.'' 105 Ark. 485. This was also reiterated in the opinions of this court on the subsequent appeals.

The rule as thus announced, on the issue as to the alleged negligence of the appellant, is the law of the case on the present appeal, for the facts on that issue were substantially the same on the last trial as they were on the former trials. The charge of the court on the issue of negligence conforms to the law as thus announced on former appeals, and we find no error in the rulings of the court in giving and refusing prayers for instructions on that issue.

Appellant contends that the court erred in its rulings in refusing its prayer for peremptory instruction, for the reason that the undisputed evidence shows that appellee assumed the risk, but if mistaken in this, appellant contends that assumed risk under the evidence was at least an issue which should have gone to the jury under the above prayer for instruction, and, therefore, its

prayer on that subject, set out above, should have been granted.

The facts upon which appellant predicates its defense of assumed risk are substantially as follows:

Appellee had been working for appellant eighteen or twenty months when one of the employees of appellant threw a rock, which struck appellee in the eye, causing him to lose the same. It had been the practice of the employees to throw rocks and other missiles on the mill yard ever since appellee had been there. Appellee had not engaged in this practice. He asked the managers of the company to stop the throwing, telling them "that somebody was liable to get hurt." Appellee says, "He told me to go ahead and attend to my damn business and he would attend to his." They did not stop it. It was the general practice from the time appellee began work until he was hurt. It was going on when appellee went there. He saw it the day he went down and asked for employment, and saw it before he ever hired there; knew it was going on for twenty months before he was injured. There was never a day during the twenty months that some of the people, the boys especially, were not out throwing rocks, staves and chunks. "The boys would go out there and get to throwing, leaping and running." It was going on practically all the time. Appellee was asked why he wanted to work at a dangerous place like that, and answered that he was out of a job and looking for work. Appellee told Mr. Wrape just a day or two before he got hurt "that he ought to put a stop to the boys throwing, that somebody was liable to get hurt," and received the reply above set forth.

Counsel for appellee contend that there can be no question of assumption of risk in an instance of this kind, and he bases his argument on the doctrine stated in *St. Louis, Iron Mountain & Southern Railway Company* v. *Ledford,* 90 Ark. 543. But in that case the liability of the master depended upon the act of negligence of a fellow servant of the injured person, according to the terms of a statute enacted March 8, 1907, whereas the liability

of the master in this case rests on his own negligence in failing to exercise ordinary care to free the premises from a known danger. Other employees were guilty of improper and wilful conduct in throwing stones on the premises during the rest hours, but in so doing they were not acting within the scope of their authority so as to make the employer responsible for their conduct, but the negligence of the employer, if any, consisted in failing to exercise ordinary care to protect its employees by surpressing the practice of throwing missiles on the premises. In other words, the master is guilty, "not of the wrongful act itself, but only of neglect to restrain his servants from doing it." *Barrentine* v. *Henry Wrape Co.,* 105 Ark. 485; Shearman & Redfield on Negligence, § 141.

Though we held in the Ledford case, *supra,* that the risk of danger arising from the negligence of a fellow-servant was not, in a suit against the master under the act of March 8, 1907, assumed by the injured servant merely on account of knowledge of the habitual negligence of such fellow-servant, yet we distinctly recognized the rule that where the liability of the master depended on the question of his own negligence in the selection of his servants, the risk of the danger can be assumed. In the opinion in that case, we said: "Risks of danger arising from negligence of the master in employing incompetent or reckless servants could be assumed by a servant who took service or continued in service, with knowledge and appreciation of the danger. * * * In this respect the statute has wrought no change." In support of that statement of the law we cited cases which fully sustain it. *Kansas P. Railway Co.* v. *Peavey,* 34 Kan. 472; *Hatt* v. *Nay,* 144 Mass. 186; *Davis* v. *Detroit & M. Rd. Co.,* 20 Mich. 105; *Latremouille* v. *Bennington, etc., Ry. Co.,* 63 Vt. 336; *Frazier* v. *Pennsylvania Railway Co.,* 38 Pa. St. 104.

The same rule should apply in a case like this, where the negligence of the master consists in failing to restrain his servants from committing improper acts to the in-

jury of their fellow-servants under circumstances under which he can control them. Where the liability of the master depends, as it does in this case, solely on the question of negligence in failing to stop the dangerous practice of throwing stones about the premises, it necessarily follows that the doctrine of assumed risk applies, and that there is no liability where the injured servant himself has knowledge of the repeated wrongful acts of his fellow-servants and appreciates the danger of continuing in the service. The master has the higher duty of exercising care to ascertain what the conduct and habits of his servants are while on the premises and is liable for negligence in failing to discover such dangerous practices, as well as in failing to suppress such practices which actually come to his knowledge; whereas a servant is only bound to take notice of those things which come to his knowledge and he assumes the risk only when he has that knowledge and appreciates the danger.

We are of the opinion, therefore, that the doctrine of assumed risk applies in this case and that there was sufficient evidence to warrant a submission of that issue to the jury, but we do not think that the undisputed evidence shows that the risk was assumed, and the court was, therefore, correct in refusing to give a peremptory instruction in appellant's favor.

It is true that appellee admitted that he knew of the improper practices when he took service and that the same continued during his period of service, but it was a question for the jury to determine whether or not the wrongful acts of the servants in throwing missiles about the premises were so frequent as to bring home to appellee a full appreciation of the danger of working on the premises. The jury might have found from the evidence that the conduct of the other employees was such as to charge appellant, resting under the duty as master of protecting his premises from dangers, with negligence in failing to suppress the dangerous practice, while on the other hand the jury might have found that appellee, resting under no such duty, did not fully appreciate the dan-

ger so as to constitute an assumption of the risk. The question should, therefore, have gone to the jury on appropriate instructions and should not, at the request of either party, have been taken from the consideration of the jury.

Error is assigned in the refusal of the court to give the aforementioned instruction on this subject, but that instruction was erroneous because it embraced the abstract proposition of the assumption by a servant of all of the ordinary and usual hazards incident to his service. That particular phase of the doctrine of assumed risk was not involved in this case, for the charge of negligence is the master's failure to exercise care to free the premises from the dangers arising from wrongful practices of employees on the premises, and this was not one of the ordinary hazards incident to the employment. It was an extraordinary hazard arising from the negligence of the master, and this verdict would have been calculated to mislead the jury. The doctrine of assumed risk is one not easily understood by the average layman, even when lucidly expressed, and a trial judge should not be criticised or reversed because he refuses to give an instruction which erroneously embraces an abstract proposition with respect to this doctrine. In fact, it has been the settled rule of this court since it was first announced in the case of *Allison* v. *State,* 74 Ark. 444, that a party can not complain of a court's refusal to give an instruction on a given subject unless one is asked which is technically accurate and free from criticism.

No other instruction on this subject was requested by appellant, and the court was not bound to give an instruction unless one in correct form was requested.

There are other assignments of error not of sufficient importance to discuss.

Affirmed.

HUMPHREYS, J., concurs.

SMITH, J., dissents.