## DUFF v. AYERS.

### Opinion delivered November 6, 1922.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict is conclusive on an issue of fact submitted under appropriate instructions where the evidence was legally sufficient.

2. PLEADING—AMENDMENT TO CONFORM TO PROOF.—It was within the court's discretion, after the close of the testimony, to permit the complaint to be amended to conform to the proof; and defendant cannot claim surprise where he offered no reason for being surprised, and in fact offered testimony to rebut the amended issue.

3. APPEAL AND ERROR—WEIGHT OF EVIDENCE.—The appellate court cannot determine the weight of the evidence, that being left to the jury and trial court.

4. MASTER AND SERVANT—EMPLOYMENT OF INEFFICIENT SERVANT.—The fellow servant rule does not prevent the master from being liable for his own negligence in employing an inefficient or unskilful fellow servant.

5. MASTER AND SERVANT—ASSUMED RISK.—A servant assumes the risk of continuing in the employment with knowledge of a fellow-servant's inexperience together with appreciation of the risk, notwithstanding the master's negligence in employing him.

6. MASTER AND SERVANT—ASSUMED RISK—JURY QUESTION.—Though defendant knew of the extreme youth and inexperience of a fellow servant, it is a question for the jury whether he assumed

the risk where it is not clear as matter of law that he appreciated the risk from such fellow servant's negligence.

7. WITNESSES—PRIVILEGE OF PHYSICIAN.—A physician, to whom plaintiff, when injured, came for treatment or advice, is incompetent, by reason of the confidential relation, to testify against him concerning the extent of his injury.

Appeal from Hempstead Circuit Court, *George R. Haynie,* Judge; affirmed.

*E. L. Westbrooke,* for appellant.

Before plaintiff was entitled to recover under the statute he must show that he is of the class of persons for whose benefit the statute was enacted. 12 Am. St. Rep. 699; 72 N. W. 797; 13 Gray 59; 64 Atl. 948; 44 Atl. 375; 20 Me. 246; 30 N. W. 637; 17 L. R. A. 588; 77 N. E. 850; 87 N. E. 229; 111 N. W. 281; 21 S. E. 68; 30 Pac. 68. Plaintiff is not a beneficiary of the child labor law. 9 L. R. A. (N. S.) 338; L. R. A. 1915-E, at p. 512; 128 Minn. 460.

There was no causal relation between the injury and a violation of the statute against employing children under 14 years of age. 147 Ark. 385; 84 Ark. 422; 80 Atl. 523; 77 N. E. 1184; 87 Ark. 576; 97 Ark. 160; 144 Fed. 605; 137 Ark. 227.

Plaintiff's evidence as to the age of the boy is against the physical facts and is totally unsupported. Such evidence cannot be regarded as undisputed. 129 Ark. 369; 82 Ark. 86; 79 Ark. 608; 3 Am. St. Rep. 630; 84 Ark. 555; 182 S. W. 186.

The questions sought to be asked Dr. Carrigan were proper. 112 Ark. 534.

*L. F. Monroe* and *Steve Carrigan,* for appellee.

While appellant's argument is directed largely to a discussion of the child labor law, no part of this statute was offered as a declaration of law in this case. The case was tried on the theory of the employment by appellant of a ten-year-old boy, who was incompetent, incapable and without discretion or judgment in the exercise of his duties. On this principle of law appellee

having made his case, was entitled to judgment. Wharton on Neg., sec. 157; L. R. A. 1915-F 26; Thompson on Neg., vol. 4, sec. 3758; see also sec. 4048.

Under the Acts of 1907, p. 162, the fellow servant law as a defense for railroad companies, corporations and those engaged in mining coal was abolished. See the following cases on the subject: 90 Ark. 545; 138 Ark. 273; 95 Ark. 295.

The master owes a duty to his servant to furnish him a safe place in which to work. *Mo. Valley Bridge Co.* v. *Malone,* 153 Ark. 454; 87 Ark. 321; 98 Ark. 34; 90 Ark. 473. Appellant misconceives the law on the question of causal relation between the injury and the violation of a statute. It is not necessary to a defendant's liability, after his negligence has been established, to show in addition thereto that the consequences of his negligence could have been foreseen by him; it is sufficient that the injury is the natural, though not the necessary and inevitable, result of the negligent fault. 1 Thompson on Neg., sec. 59, p. 62 and note; Watson on Damages, secs. 150-154; 1 Cooley on Torts, p. 125-7-8; see also 111 Ark. 343; 86 Ark. 246.

The question of assumed risk was one for the jury. 53 Ark. 129; 87 Ark. 377; 92 Ark. 111; 105 Ark. 347; 79 Ark. 53; 89 Ark. 428; 129 Ark. 95; 138 Ark. 267.

McCULLOCH, C. J. Appellant, Charles Duff, is the sole owner, and engaged in the operation, of a plant at Hope, Arkansas, for the manufacture of barrel headings. Appellee was employed as a laborer by appellant, and while engaged in that service he received certain personal injuries, according to the allegations of his complaint in this case, caused by negligence of a fellow-servant. This is an action instituted by appellee against appellant to recover damages on account of such injuries.

The complaint was twice amended before the commencement of the trial with respect to the allegations of negligence. The charge of negligence, according to the complaint as last amended before trial, was that the

injury resulted from the negligence of appellant in employing as the driver of a wagon a boy under fourteen years of age, and that the negligence of the boy caused a collision between the wagon he was driving and a wheelbarrow, or truck, operated by appellee.

At the close of the testimony appellee was permitted to amend his complaint so as to make the charge of negligence rest upon an alleged act of appellant in "employing and allowing to drive his wagon that injured plaintiff an incompetent, incapable and ten-year-old servant, without discretion or judgment to exercise the duties of his employment."

The trial resulted in a verdict in appellee's favor.

There was an issue as to the extent of appellee's injury, the contention of appellant being that he was not injured at all, but it is not urged here as grounds for reversal that the award of damages by the jury is excessive.

Appellant's heading plant, where appellee was employed to work, was located near a railroad sidetrack, or spur, and there was a platform running parallel with the track, upon which bolts shipped in from the woods to the factory were unloaded. These bolts, when unloaded, were placed upon barrows or hand-trucks and conveyed from the platform over to the saws, where the heading pieces were manufactured. There were four runways, thirty feet long and four feet wide, running from the platform to the ground, reaching the ground a distance of fourteen feet from the tables near the saws, on which the bolts were piled for sawing. After the headings were sawed, they were loaded upon a wagon and hauled out to the yard to be stacked for drying.

Appellee was engaged in operating one of the wheelbarrows, or trucks, and he claims that, as he rolled the barrow down the inclined runway, the wagon used in hauling away the heading pieces was negligently driven in front of the runway down which appellee was rolling the barrow, and that, in order to avoid a collision, he had to turn the barrow to one side and let it collide with a

post, and as it tilted over one of the handles of the barrow struck appellee's back and severely injured him.

Appellee also claims that the wagon was being operated by a boy nine years of age, who was inexperienced and not qualified to drive a wagon. The testimony of appellee supports his claim, but appellant adduced testimony showing that the boy was not employed to drive the wagon and did not drive it at all, and that appellee was not injured while at work.

Appellee claims that the employee who was driving the wagon on that day was a small negro boy named Manus, the son of one George Manus, who was employed to work at the mill. Appellant proved by George Manus and several other witnesses that the boy did not work at the mill at all; that he was only about seven years old at that time, and that he was too young to do work of that kind. That issue was, however, submitted to the jury under appropriate instructions, and the verdict must be treated as conclusive in appellee's favor. The evidence in support of it was legally sufficient.

It is contended, in the first place, that the court erred in permitting an amendment to the complaint after the close of the testimony. Appellant pleaded surprise at the time, but did not offer any reason for being surprised. The allegation of the complaint before the trial commenced was that the boy driving the wagon was under fourteen years of age, but the amendment changed this by alleging that the boy was under ten years of age, or about ten years of age. All the testimony during the trial, on both sides, was directed to the age and incapacity of the boy who was said to have driven the wagon, and to the issue whether or not that particular boy drove the wagon. In other words, the appellant, by introducing testimony on that issue, treated it as an issue in the case, and it is not conceivable that he was surprised. He did not offer to show, when the amendment was made, that other testimony could be produced, or that he would have produced other testimony if the amendment had been made at an earlier

stage of the proceedings. We think it was a matter within the discretion of the court to permit the amendment to be made so as to conform to the proof adduced, and no error was committed by the court in this respect.

Appellant requested the court to direct a verdict in his favor, and the refusal of the court to give such direction is now urged as error.

The principal ground urged why a verdict should have been directed is that appellant is not liable for a violation of the statutes against the employment of children under fourteen years of age. The answer to that argument is that the case was not submitted to the jury on the question of employment of a child in violation of the statute. In other words, the test of appellant's liability was not, under the instructions of the court, made to depend upon the violation of the statute, and there was no instruction given on that subject at all, but the court submitted the case on the issue whether or not there was negligence in employing as driver of the wagon an inexperienced and incapable child. We are not called on, therefore, to decide whether or not liability could be predicated upon a violation of the statute— that is to say, liability to a person for whose benefit the statute was not enacted.

Counsel also argue that the verdict is contrary to the overwhelming weight of the evidence; but, as we have already said, there was evidence sufficient to sustain the verdict, and we are not at liberty to determine the weight of the evidence, for that is a matter which, under the Constitution of this State, is left to the trial jury and court.

Error of the court is assigned in refusing to give appellant's requested instruction No. 2, which stated the law to be, in substance, that, if the truck driver and appellee were fellow-servants, there could be no recovery. In other words, it is contended that appellant is not liable to appellee for the negligent act of one of appellee's fellow-servants. This contention is not sound under a charge of negligence in the employment of an inefficient

or unskilful fellow-servant. *Henry Wrape Co.* v. *Barrentine,* 138 Ark. 267.

The common-law rule as to responsibility for the negligent acts of fellow-servants has not been changed by statute so far as concerns individuals who are employers of servants, but the master is liable for the act of an unskilful fellow-servant where he has been negligent in the employment, on the theory that the negligence in employing such a servant is the proximate cause of the injury. It is on that theory alone that appellee is entitled to recover in the present case, and the court was correct in refusing to tell the jury that recovery should be denied merely because the negligent employee was a fellow-servant.

The court gave an instruction, at appellee's request, on the subject of assumed risk. It was proper to submit that issue, as the evidence warranted it. Appellant's sole objection to that instruction was that there was no testimony on which it could be based, so it is unnecessary to set out the instruction or to discuss its form. We are of the opinion that it was a question for the jury to determine whether or not appellee assumed the risk. If he continued in employment with the inexperienced fellow-servant, with knowledge of his inexperience and with an appreciation of the danger, he would be deemed to have assumed the risk and could not recover damages. That is the rule in a suit of this kind where the common-law liability is asserted. *St. L. I. M. & S. R. Co.* v. *Ledford,* 90 Ark. 543; *Henry Wrape Co.* v. *Barrentine, supra.*

Appellee's own testimony shows that he knew the boy was working there that morning, and he knew of his extreme youth and inexperience, but we cannot say, as a matter of law, that he is bound to have appreciated the danger. It was not necessarily to be expected that the boy would carelessly drive a wagon in front of the runways or that he would be likely to commit any negligent act which would result in injury to his fellow-employees. We think, therefore, that it was a question for the jury to determine whether or not the risk was

assumed on account of appellee continuing in the work with a knowledge and appreciation of the danger.

Finally, it is contended that the court erred in refusing to allow Dr. Carrigan, a physician, to testify concerning the extent of appellee's injury. It appears from the offered testimony of Dr. Carrigan that appellee came to him for treatment or advice, and the court refused to permit the doctor to testify concerning appellee's injuries. We think that the court was correct in this ruling, for, under the facts as shown by the statement of Dr. Carrigan, there was a confidential relationship between him and appellee as physician and patient, and, under the statutes of this State, the witness was incompetent. Counsel for appellant rely upon the case of *Triangle Lumber Co.* v. *Acree*, 112 Ark. 534, but that case does not support the contention, for the reason that it was merely decided there that a physician might testify concerning the condition of a patient if his sources of information were derived other than by treatment or consultation with the patient, and not during the existence of the relation of physician and patient.

There is no prejudicial error found in the record, and the judgment is affirmed.