DALTON *v.* HUSKEY.

4-2841

Opinion delivered February 13, 1933.

*Bush & Bush* and *McRae & Tompkins,* for appellant. *William F. Denman,* for appellee.

SMITH, J. Appellant was engaged in constructing a concrete highway near Prescott, and was operating under the trade-name of D. H. Dalton Construction Company— not incorporated. A concrete mixer was placed on the

highway, and a number of trucks hauled sand, cement and gravel to it. At a distance of about 150 feet from the mixer there was what was called a "turn-around," at which point the trucks were driven on to the highway, which was 18 feet wide, and were then backed down to the mixer. About half way between the mixer and the turn-around, at a curve in the road, the plaintiff was engaged in lining up the forms. He described his work as follows: "My duties were as form liner. The forms were on each side, about 18 feet across, and they are first pinned down in a straight line. It was my job to go back and straighten them out and make them cross-section straight, and make them 18 feet in between forms, and then level them up on top, and the forms are 10 feet long and 9 inches high."

To do this work it was necessary for plaintiff to lie down so as to sight along the forms and to signal to his helpers to raise or lower the forms in order to level them. There was a constant stream of trucks backing down to the mixer or going back to the turn-around. While plaintiff was lying down in the performance of his duties, as stated, a truck was backed from the turn-around upon him, inflicting the serious injuries, to compensate which this suit was brought.

There was a verdict and judgment for the plaintiff, and for its reversal it is insisted, among other assignments of error, that the testimony is not sufficient to sustain the verdict. We do not pass upon this question, for the reason that the testimony does not appear to have been properly and fully developed upon this controlling question of fact. Indeed, the judgment must be reversed for this failure.

The defendant offered several witnesses by whom he proposed to prove that Deaton, the driver who ran over appellee, was a good, capable and efficient driver, but the court only permitted these witnesses to answer that Deaton drove the truck in the same manner that the other drivers customarily drove their trucks.

We think the court should have permitted the defendant to prove that Deaton was careful and efficient. In the case of *Missouri Pacific R. Co.* v. *Riley,* 185 Ark. 699, 49 S. W. (2d) 397, a headnote reads as follows: "On the issue of contributory negligence, evidence of witnesses acquainted with the skill and experience of plaintiff automobile drivers that they were careful and competent drivers, *held* admissible."

In the instant case the issue is not whether Deaton, the truck driver, was negligent, for, being plaintiff's fellow-servant, no liability would arise from that fact. The plaintiff, to establish his case, must prove something additional, and that is, that the master knew, or, in the exercise of ordinary care, should have known, that Deaton, the driver, was inexperienced or incompetent, or so reckless that a careful man would not have employed him as a truck driver. In other words, that it was negligence to have employed such a driver.

It was said, in the case of *Duff* v. *Ayres,* 156 Ark. 17, 246 S. W. 508, that the common-law rule as to responsibility for the negligent acts of fellow-servants has not been changed by statute, so far as concerns individuals who are employers of servants, but the master is liable for the act of an unskillful fellow-servant where he has been negligent in the employment, on the theory that the negligence in employing such a servant is the proximate cause of the injury. Certainly, upon such an issue it was competent to prove that the driver was efficient and careful.

It is insisted that this error of the court was invited by the defendant, in that the court excluded testimony offered by the plaintiff on this issue upon the motion of the defendant. In developing his case in chief, the plaintiff called Mr. Blakely, the foreman of the truck drivers, who testified that he did not think Deaton had had any experience in driving such a truck as the one which inflicted the injury, and that he knew he had not been using such a truck. The witness was then asked: "Did you think it would be dangerous to turn that boy loose?" An

objection was sustained to the question, and the court also excluded the following question and answer: "Q. You then say he was too small to look over and properly operate that truck? A. Yes, sir." Other questions and answers to which objections were sustained appeared to be directed to the alleged negligence of Deaton at the time of the injury.

The excluded testimony was to the effect that Deaton lacked only a few days of being 19 years old, and had been driving trucks for from 2½ to 3½ years to the knowledge of the witnesses, and that they regarded him as a capable and efficient driver. The father of Deaton would have testified that his son had been driving trucks since he was 12 years old, and had driven many different kinds of trucks.

The defendant should have been permitted to offer testimony tending to show that he was not guilty of negligence in giving young Deaton employment as a truck driver, and, for the error in excluding this testimony, the judgment must be reversed, and the cause will be remanded for a new trial.