## RHODES v. DIERKS LUMBER & COAL CO. et al.
### No. 11568.

Circuit Court of Appeals, Eighth Circuit.
Jan. 23, 1940.

Osro Cobb, of Little Rock, Ark. (C. E. Johnson, of Little Rock, Ark., on the brief), for appellant.

Charles E. Whittaker, of Kansas City, Mo. (Henry N. Ess, Carl E. Enggas, and Watson, Ess; Groner, Barnett & Whittaker, all of Kansas City, Mo., on the brief), for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment entered upon a verdict directed for the defendants in an action for damages for personal injuries against Dierks Lumber & Coal Company and O. B. Echols jointly. The only error assigned is the denial of plaintiff's motion to remand the cause for trial to the Circuit Court of Garland County, Arkansas, from which it was removed on petition of the defendant Dierks Lumber & Coal Company, the non-resident defendant.

The petition for removal alleged a separable controversy and charged fraudulent joinder. The motion to remand traversed the averments of the petition. It is admitted, by implication at least, that there was no actual bad faith on the part of the plaintiff in joining Dierks Lumber & Coal Company and Echols as parties defendant in the complaint. The contention relied upon

by appellee is that the complaint does not state a cause of action against Echols, the resident defendant.

It is the law that the joinder of a resident defendant with a non-resident defendant is fraudulent, if it is clear that under the law of the state in which the action is brought, the facts alleged by the plaintiff as the basis for the liability of the resident defendant could not create a joint liability against him and his co-defendant, so that the assertion of a joint cause of action is as a matter of local law plainly sham and fraudulent. Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, 394; Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, 793.

The complaint filed in the state court alleged that the plaintiff and the defendant Echols are citizens of Arkansas and that the defendant Dierks Lumber & Coal Company is a Delaware corporation doing business in Arkansas; that the corporation is engaged in the manufacture of lumber and the operation of a system of railroads and logging cars in Arkansas; that Echols was employed by the corporation as foreman and master mechanic in charge of the corporation's railroad shops in which the plaintiff was employed as a car knocker under the control and supervision of Echols; and that it was the duty of the plaintiff to repair damaged cars and equipment brought into the roundhouse for that purpose, the work being of a skilled character requiring experience to perform it with safety. On October 24, 1936, the plaintiff was instructed to replace a broken draw-head coupler in a crippled car. The coupler weighed about 415 pounds, was about 5 feet long, was made of steel and iron, and had a large head at one end. Owing to the weight of the coupler two men were required for the work, and in order to move it they lifted one end around at a time. Echols, as foreman and agent of the company, negligently assigned one Norwood to assist plaintiff in replacing the coupler. While engaged in this work, due to the negligence of Norwood, the plaintiff received an injury for which he demanded a joint judgment against the corporation and Echols.

The grounds of negligence charged were (1) that Echols, agent of the corporation, was negligent in employing and furnishing to the plaintiff as his co-worker, Norwood, whom he knew "to be untrained, inexperienced and unqualified to perform the character of duties to which he was assigned with the plaintiff" (2) "without advising, instructing or warning the plaintiff of the inexperience and inability of" Norwood. It is further alleged that except for such joint negligence of the defendants the injuries and damages complained of would not have occurred.

The evidence taken at the hearing on the motion to remand disclosed that two experienced men are enough to handle drawhead couplers; that on October 24, 1936, Norwood and plaintiff took the damaged draw-head coupler out of the car and rolled it down the embankment; that a good order coupler was about 8 or 9 feet from the track and on an incline to the track; and that Norwood and plaintiff were preparing to carry it to the right in order to insert it in its position in the car when plaintiff caught hold of the head end of the coupler which weighed about 300 pounds and Norwood caught hold close to his left. Just as they were straightening up Norwood let loose without giving any warning and plaintiff caught the coupler with a jerk and held on to prevent crushing his feet. After the accident occurred Norwood said he was afraid his hands were going to slip and that he thought "he would turn loose and get a new hold." Plaintiff then learned after the accident that Norwood was without experience in that kind of work and was weak physically and not qualified to lift heavy loads. Both plaintiff and Echols testified that the work required skill. Plaintiff did not know Norwood prior to the day of the accident; and Echols did not inform or warn plaintiff that Norwood was without experience in such work at the time that he assigned Norwood to assist in the work.

The appellee contends that the complaint does not state a cause of action against Echols, the resident defendant, in that (a) the alleged act of Echols in assigning Norwood, an "untrained, inexperienced and unqualified" employee, to assist plaintiff was not the proximate cause of the injury complained of, but (b) that the complaint shows affirmatively that the injury was the proximate result of the intervening negligent, careless and heedless act of Norwood in letting loose of the coupler.

The gist of appellee's argument is that there is no causal relation between the alleged negligent act of Echols and the alleged negligent act of Norwood whose negligent act was the proximate cause of the

injury in that the alleged negligent, careless and heedless act of Norwood is not alleged to have been the result of his "untrained, inexperienced and unqualified" character. The complaint, however, does charge that the "injuries and damages to the plaintiff would not have occurred—had Echols furnished to the plaintiff as his helper and assistant a man of proper experience and ability." The evidence tended to show that Norwood was untrained and inexperienced in the work which he was assigned to assist in doing, and that he was not qualified to help in lifting heavy loads because of his physical weakness.

In Arkansas it is the law that "the master is liable for the act of an unskillful fellow servant where he has been negligent in the employment, on the theory that the negligence in employing such a servant is the proximate cause of the injury." Duff v. Ayers, 156 Ark. 17, 246 S. W. 508, 510; Henry Wrape Co. v. Barrentine, 138 Ark. 267, 211 S.W. 366; Arlington Hotel Co. v. Tanner, 111 Ark. 337, 164 S.W. 286. An injured employee has "the legal right to rely upon the foreman to exercise ordinary care in furnishing him a reasonably safe place to work", Arkadelphia Sand & Gravel Co. v. Knight, 190 Ark. 386, 79 S.W.2d 71, 73, and safe appliances. An incompetent servant is in the same category as a defective appliance. Arlington Hotel Co. v. Tanner, supra.

There is no doubt that the allegations of the complaint are sufficient to charge the defendants with joint liability. Lusk v. Osborn, 127 Ark. 170, 191 S.W. 944, 947; Phillips Petroleum Co. v. Jenkins, 190 Ark. 964, 82 S.W.2d 264; Texas Pipe Line Co. v. Johnson, 169 Ark. 235, 275 S.W. 329, 331; Fitzgerald v. Perkins Oil Co. of Delaware, 8 Cir., 89 F.2d 98; Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544.

The charge in the complaint is inartificially drawn. But "the court on motion to remand will not examine plaintiff's pleading closely enough to determine whether a flaw might be found in it on special demurrer." Leonard v. St. Joseph Lead Co., supra [75 F.2d 394]. "Even though a plaintiff has misconceived his cause of action and has no right to maintain it against the defendants jointly, that does not change an alleged joint cause of action into a separable controversy for the purpose of removal." Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 7. The evidence on the hearing showed that Norwood was weak physically and not qualified to lift heavy loads, such as he was assigned to do. He was inexperienced in that character of employment. In assisting to lift a weight of 300 pounds, fearing that his hands would slip, he let loose without warning plaintiff of his intention to do so. We can not say that under the law of Arkansas his carelessness and heedlessness in so doing was not the result of his want of training, lack of experience and physical weakness, nor that the complaint on its face fails to state adequately the connection between the negligent act of Echols and the succeeding negligent act of Norwood. Doubtful questions of law and fact are both to be tried by the court having jurisdiction; they are not to be determined in the removal proceedings. Huffman v. Baldwin, supra.

The judgment must be and it is reversed, and the district court is directed to remand the case to the state court from which it was removed.