PACIFIC MUTUAL LIFE INSURANCE COMPANY v. SMITH.

Opinion delivered December 8, 1924.

1. INSURANCE—NOTICE OF ACCIDENTAL DEATH.—Under an accident policy requiring notice of assured's death as soon as reasonably possible, proof that assured's wife, who was the beneficiary, immediately after the burial was in run-down condition and went to her mother's home and did not give the insurer notice of assured's death until her return seven days later, held to sustain a finding that notice was given as soon as reasonably possible.

2. APPEAL AND ERROR—INSTRUCTION—NECESSITY OF SPECIFIC OBJEC-TION.—An instruction enumerating the wife's "bereavement" as a circumstance to be considered in determining the reasonableness of the notice of deceased's death was not open to a general objection.

3. TRIAL—INSTRUCTION—GENERAL OBJECTION.—A party objecting to the use of a certain word in an instruction should call the court's attention thereto by specific, and not by general, objection.

4. INSURANCE—ACCIDENTAL INJURY—PROXIMATE CAUSE.—Under a policy insuring against death resulting from accidental injury as proximate cause of death, it was immaterial whether other causes contributed to the death if the accident was the proximate cause thereof.

5. INSURANCE—NOTICE OF INJURY.—Where insured's wife was bene-ficiary only under the "death clause," and not under "loss of time clause," upon death of insured resulting from accidental injury, the wife, under terms of the policy, was not required to give notice of the accidental injury within 20 days after the accident, but only notice of assured's death.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Marvin Hathcoat,* for appellant.

*Shouse & Rowland,* for appellee.

HUMPHREYS, J. Appellee instituted this action against appellant in the circuit court of Boone County

to recover $1,000 upon a policy of accident insurance issued by appellant to her husband, Rean V. Smith, by the terms of which appellant agreed to pay appellee said sum in case her husband should die from accidental means during the life of the policy. It was alleged in the complaint that, on the 22d day of December, 1922, during the life of the policy, the insured sustained, by accidental means, a sprain to his ankle, which resulted in his death on the 5th day of February, 1923; that the beneficiary had duly performed all the conditions of the policy and was entitled to recover the face value thereof, together with interest, penalty, and attorney's fees.

Appellant filed an answer admitting the issuance of the policy, but denying liability thereon for the alleged reasons, first, that the insured did not die on account of the sprain to his ankle caused by accidental means, and second, that appellee failed to comply with a provision in the policy that appellant be given immediate notice in case of the accidental death of the insured.

The cause was submitted to a jury upon the pleadings, testimony introduced by the parties, and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee in the total sum of $1,335, from which is this appeal.

The policy contained the following clauses with reference to notice of the accident and death of the insured:

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury. In case of accidental death immediate notice thereof must be given to the company. The failure to give the notice within the time shall not invalidate the policy, provided it be shown that it was not reasonably possible to give such notice, and if notice be given as soon as is reasonably possible to give it."

The testimony introduced by appellee tended to show that the insured died as the result of an accidental injury to his ankle, and that introduced by appellant

tended to show that his death resulted from an inflammation around the left kidney.

The undisputed testimony revealed that the insured died on the 5th day of February, 1923, after having sprained his ankle on December 22, 1922; that he was buried on the 6th day of February, 1923; that, immediately after the funeral, appellee, on account of her distress and run-down condition, due to ill health and waiting on her husband, went to her mother's home in the country, where she remained until February 12, at which time she returned to her home, and notified appellant of her husband's death.

The court sent the cause to the jury upon instructions which in effect told them that, in order to recover on the policy, the burden was upon appellee to prove by a preponderance of the evidence that the death of the insured resulted from the sprain to his ankle, and that notice of his death was given to appellant as soon thereafter as was reasonably possible under the circumstances in the case.

Appellant contends that, under the terms of the policy, immediate written notice of the death of the insured was a necessary prerequisite to the recovery on the policy. We think not, for the policy itself, in another clause, provided that the requirement for immediate notice is sufficient "if notice be given as soon as is reasonably possible to give it." We think the jury was warranted in finding that appellee gave the notice as soon as she could have reasonably done so, under the circumstances in the case. Appellant condemns instruction No. 4, given by the court, however, because, in enumerating the circumstances which the jury might consider in determining whether she gave the death notice in time, he mentioned her bereavement. Of course, her bereavement could not excuse her from complying with the terms of the policy, but we think the word "bereavement" did not prejudice appellant. The jury was warranted, from the short time that elapsed before the death notice was given, the visit to her mother for a few days immediately after the funeral, and her general condition of health, in

finding that she gave the notice as soon as she could reasonably have done so. Had appellant thought the use of the word "bereavement" would prejudice him he should have called the attention of the court thereto by a specific objection to the word and not by a general objection to the whole instruction.

Appellant's next and last contention for a reversal of the judgment is that the court erred in refusing to give instruction Nos. 2 and 3 requested by it. These instructions were the converse of the instructions given by the court. They did not present a different theory from that expressed in the instruction which the court gave, but simply changed the form of the instructions. The instructions requested were also erroneous in that they told the jury that, if they should find that some disease, or something other than the injury, contributed to the the death of the insured, they must find for appellant. If the accidental injury was the primary or approximate cause of the death of the insured, it made no difference whether other things contributed to his death. *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91; *French* v. *Fidelity & Casualty Co. of N. Y.,* 17 L. R. A. (N. S.) 1011; *Cary* v. *Preferred Accident Ins. Co.,* 5 L. R. A. (N. S.) (Wis.) 926.

Appellant's requested instruction No. 2 was also erroneous because it told the jury that appellee could not recover unless she notified appellant of the accidental injury within twenty days after it occurred. Appellee was the beneficiary in the policy under the "death clause" and not under the "loss of time clause." Her only duty was to give notice of the death of her husband, resulting from accidental means. In construing this kind of a clause in an accident policy, this court said, in the case of *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174, "she (referring to the beneficiary) could not know whether she had a claim until after her husband's death; and she was not required to give notice of the accident on account of which her claim arose before she knew whether or not it would come into existence."

No error appearing, the judgment is affirmed.