Pacific Mutual Life Insurance Company *v.* Butler.

4-3673

Opinion delivered February 4, 1935.

*Owens & Ehrman,* for appellant.

*Ernest Briner* and *Melbourne M. Martin,* for appellee.

Butler, J. We adopt the statement of the case made by counsel for appellee as follows:

"Appellee sued appellant on a policy of life insurance, claiming to have suffered total and permanent disability thereunder. The amount sued for was $2,677, which appellee contends is the present worth of the payments provided in the policy of $20 per month for his expectancy of 19.49 years. The proof shows that the

policy lapsed for nonpayment of premium, and appellee applied for reinstatement within five days thereafter, paid the premium and executed the reinstatement blank. In the reinstatement blank signed by him on November 23, 1932, he stated that he was then in good health. On March 22, 1933, after he had submitted to an X-ray examination and diagnosis at the hands of Dr. A. G. McGill, appellee notified appellant insurance company of his claim for total and permanent disability under the terms of the policy, and asked for blanks on which to report his claim. On April 10, 1933, appellee returned the claim blanks, properly filled in to appellant insurance company, claiming total and permanent disability dating back to December 8, 1931. Appellant insurance company thereupon canceled the reinstatement of said policy, returned the premium paid and notes, and declined the claim. Suit was thereupon brought by appellee for total and permanent disability dating from December 8, 1931. The appellant insurance company denied liability under the policy by its answer. The jury returned a unanimous verdict for appellee in the sum of $900.''

A number of grounds of error were assigned in appellant's motion for a new trial, and preserved and argued in its brief which are unnecessary to notice, because, in our opinion, the undisputed facts in the case entitle the appellant to a directed verdict, and the trial court erred in refusing the same which was properly requested by the appellant, and exceptions properly saved to the overruling of this motion. In the proof of total and permanent disability submitted by appellee on April 10, 1933, and in his testimony adduced at the trial, it affirmatively appears that he was not in good health on November 23, 1932, at the time he made application for reinstatement, and that the statement he made to the company to induce his reinstatement that he was in good health was untrue. The company, therefore, was justified in canceling the reinstatement on the ground of fraud in its procurement.

The appellee contends that he had been permanently and totally disabled on the 8th day of December, 1931, more than two years before the submission of his proof

of disability on the 10th day of April, 1933, which was more than 120 days from November 18, 1932, the date of the lapse of his policy for the nonpayment of premiums. Under the permanent and total disability benefit clause of the policy premiums are not waived until after due proof of disability; that part of the policy providing for the permanent total disability benefits is as follows:

"Permanent Total Disability Benefits.

"Should the insured, before attaining the age of sixty years, become permanently, totally disabled, as hereinafter defined, while this policy is in full force and effect, and no premium is in default, the company agrees to waive the payment of all premiums, thereafter becoming due under the conditions of the policy, and to pay to the insured a monthly income of ten dollars for each thousand dollars of the face amount of this policy. Such waiver of premium payment shall become operative, and the first of such monthly income payments shall be made, immediately on receipt by the company of due proof of such disability, and subsequent monthly income payments shall be made on the first day of each month, thereafter as long as the insured shall live; provided, however, as follows: 'That, immediately after the commencement of the permanent total disability, full particulars thereof shall be given in writing to the company at its home office, together with the then address of the insured; and that, within one hundred and twenty days after the commencement of such disability, there shall be given the company at its home office due proof thereof; and that, annually thereafter, due proof of the continuance of such disability shall be given if required by the company. * * *

"That no claim on account of permanent total disability shall be valid if there is a failure to comply with any of the foregoing provisions."

The policy also contains the following reinstatement clause: "After any default in payment of premium this policy, if not surrendered to the company, may be restored to full force and effect at any time within five years from the date of such default on written application by the insured to the home office of the company,

and the payment of premiums to date of restoration with interest thereon at the rate of six per centum per annum, provided the insured shall, with such application, submit evidence of insurability satisfactory to the company.''

Appellee contends that this case is ruled by the case of *Pacific Mutual Life Ins. Co.* v. *Dupins,* 188 Ark. 450, 66 S. W. (2d) 284, and to sustain this contention, quotes from the opinion as follows: ''It is self-evident that appellee could not notify appellant of something he did not know. At no time within the specified period did appellee know he was suffering from the disastrous disease, afterwards made known to him by his physician. This is the reason for the exception contained in the policy, which requires notice as soon as is reasonably possible to give it.'' It will be noted that by this language an exception is referred to as being contained in the policy which is specifically stated in the same opinion in the following language: ''The requirements of the policy appear in the statement of facts. By reference thereto, it will be seen that 'failure to give notice within the time provided in this policy shall not invalidate any claim, if it shall be shown not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible.' The question as to whether or not appellee gave the notice as soon as was reasonably possible was submitted to the jury as a question of fact, and its findings in behalf of appellee should be sustained, if supported by substantial testimony.''

A comparison of the provisions of the policy under consideration in that case, and the case of *Pacific Mutual Life Ins. Co.* v. *Smith,* 166 Ark. 403, 266 S. W. 279, discloses that they are unlike those in the instant case quoted above. The provisions of the contract here involved do not contain ''failure to give notice within the time provided in this policy shall not invalidate any claim, if it shall be shown not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible,'' the language upon which the decision turned. On the contrary, in the case at bar the unqualified provision is made that, ''immediately after

the commencement of the permanent total disability, full particulars thereof shall be given in writing to the company at its home office, together with the then address of the insured; and that, within one hundred and twenty days after the commencement of such disability, there shall be given the company at its home office due proof thereof, etc.," with the further provision "that no claim on account of permanent total disability shall be valid if there is a failure to comply with any of the foregoing provisions." Here we have a contract similar to those before us in *N. Y. Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520; *N. Y. Life Ins. Co.* v. *Jackson,* 188 Ark. 292, 65 S. W. (2d) 904, and the recent case of *N. Y. Life Ins. Co.* v. *Moose, ante* p. 161. It is true, as has been held in a number of our cases, that ordinarily liability attaches on the happening of the disability. But in those cases there was either no time fixed in the policy as to when the notice of disability should be given, or, under the peculiar language used, the provision for notice was treated as a condition subsequent, or where, because of some intervening and unavoidable casualty, giving of the notice became impossible. Here, however, under the express terms of the policy, recovery for disability was predicated upon the happening of that event, and the proof thereof within one hundred and twenty days, and necessarily the requirement for notice was, by the provisions of the policy, a condition precedent to the granting of the benefits.

It may be thought that § 6153, Crawford & Moses' Digest, applies to the provisions of the policy hereinbefore discussed, and that its application renders the provision for notice void. We have not overlooked, nor have we failed to give effect to, this statute. It has no application here. As is apparent from its provisions, it is intended to nullify any limitation of the time within which a cause of action arising out of insurance policies may be instituted to a time shorter than the period fixed by the statute of limitation of the State applicable to such suits. In other words, the statute of limitation defining the time within which an insurance policy may be sued upon may not be shortened by any provisions con-

tained in the policy. The effect of the statute is to make such provision void, but the statute does not limit the right to contract as to when, or as to the conditions under which, a cause of action may arise, and be said to exist. It is competent and permissible for the parties to contract as to when the conditions upon which liability may arise, and until and unless the conditions are fulfilled there is no liability. No cause of action exists, because the insurance contract so provides. When, however, the conditions are met and the liability arises, the provisions of the statute become applicable, and in such cases, any provision requiring the institution of suit thereon within a shorter time than the applicable statute of limitation provides is void. But the question here presented is not that of time within which suit must be brought upon the cause of action, but is rather this: when, if at all, did the cause of action arise? If, under the terms of the policy, no cause of action arose because of the failure to comply with the conditions precedent essential to its accrual, the question presented is not one involving the statute of limitations, and therefore § 6153, *supra*, has no application.

The law relative to this question is stated in the case of *City Bank* v. *Bankers' Ltd. Mutual Casualty Co.*, 206 Wis. 1, 238 N. W. 819, which was a suit upon an indemnity policy of insurance in paragraph 12 of which appeared the following provision: "The company shall not be liable under the conditions of this policy * * * for any loss sustained during the life of the policy * * *, and not discovered until eighteen months after the occurrence of such loss." It was there insisted by plaintiff that the provisions of the policy contained in the clause set out above limiting the right of recovery to its discovery within eighteen months after the loss is a contractual period of limitation, and conflicts with the general statute of limitation, and was therefore not operative. In overruling that contention, and in holding that the statute of limitation relating to such suits, did not annul the clause quoted, the Supreme Court of Wisconsin there said: "It would be difficult to use language more clearly relating to coverage than does the quoted language. It

relates wholly to liability, and not to the time within which liability may be enforced.'' It was there pointed out that no rule for the construction of insurance policies, however, liberally employed, could operate to create a liability against the insured contrary to the provisions of the insurance contract.

In the case of *Mutual Bldg. Ass'n* v. *American Surety Co.*, 214 Wis. 423, 253 N. W. 407, it was insisted that certain clauses of insurance there sued on in regard to the time for furnishing notice were void as violative of a section of the statutes of the State of Wisconsin prohibiting the issuance or delivery in the State of any policy or contract of insurance containing any provisions ''limiting the time for beginning an action on a policy or contract to a time less than that provided by the statute of limitation of the State, or specially authorized by law.'' In overruling that contention, and in enforcing the provisions of the policy, the Supreme Court then said: ''That section relates to provisions of the policy of insurance as to the beginning of actions, and not to provisions relating to notice, making proof of loss, or filing claims thereunder. That statute has no applicability to this controversy.''

The same conclusion was reached and announced by the Supreme Court of Mississippi in the case of *Webster* v. *U. S. Fidelity & Guar. Co.*, 169 Miss. 462, 153 So. 159. The court reviewed a number of cases from various jurisdictions, an examination of which supports the conclusion reached in that case.

Again, in the case of *Berry* v. *Lamar Life Ins. Co.*, 165 Miss. 405, 142 So. 445, where the court had, under consideration, an insurance contract providing certain disability benefits only upon the insured's furnishing satisfactory proof of total or permanent disability while the contract was in full force, ''the right of the parties assuming contractual obligations to make stipulations amounting to conditions precedent to liability was expressly recognized, and it was held that the furnishing of proof as required in the contract was a condition of liability, and that the statute of limitations * * * had no application. To the same effect is the case of *N. Y. Life*

*Ins. Co. v. Alexander,* 122 Miss. 813, 85 So. 93, 15 A. L. R. 314." *Webster v. U. S. F. & G. Co., supra.*

As the express and unambiguous provisions of the contract in the instant case make the condition of giving notice within the time specified a condition precedent, and as such notice was not given, it follows that the judgment of the trial court must be, and is, reversed, and the case is hereby dismissed.

JOHNSON, C. J., and HUMPHREYS, J., dissent.

JOHNSON, C. J., (dissenting). The general principles and authorities substantiating the reasons for my dissent here are fully set forth in my dissent in *New York Life Ins. Co. v. Moose, ante* p. 161, and the curious are referred thereto.