PACIFIC MUTUAL LIFE INSURANCE COMPANY *v*. BUTLER.

4-4263

Opinion delivered April 20, 1936.

*Owens & Ehrman* and *John M. Lofton, Jr.,* for appellant.

*Ernest Briner* and *Melbourne M. Martin,* for appellee.

SMITH, J. The appellant insurance company issued to appellee two policies of life insurance. One dated July 18, 1919, was for $2,000 with monthly benefits in case of total disability, of $20. The other policy dated September 9, 1920, was for $3,000 with monthly benefits of $30, in case of total disability.

On March 22, 1933, appellee notified appellant that he was then totally and permanently disabled and had been since December 8, 1931. In this notice he demanded past-due and future benefits, and when the demand was refused, suit was brought to enforce it, and, from a judgment in his favor, an appeal was duly prosecuted to this court. It was held upon this appeal that liability under the policy sued on was conditioned on the happening of

disability and proof thereof within 120 days thereafter, and that the provisions of the policy made the requirement as to notice a condition precedent to the granting of benefits. As this notice had not been given, the judgment was reversed, and the cause dismissed. *Pacific Mutual Life Ins. Co.* v. *Butler,* 190 Ark. 282, 78 S. W. (2d) 813.

Shortly before the rendition of this opinion, suit was brought upon the larger policy with identical allegations as to the time when the disability occurred. This cause was removed to the Federal court where, upon a trial had while the appeal from the first judgment was pending in this court, testimony was offered similar to that offered in the trial of the suit on the smaller policy.

A voluntary nonsuit was taken in the Federal court upon the completion of the testimony, and a third suit was brought in the Saline Circuit Court. The complaint in this case alleged that the plaintiff became disabled December 8, 1931, but it was amended after the opinion of this court was delivered February 4, 1935. This amendment, made by interlineation, alleged that while appellee became totally and permanently disabled on December 8, 1931, he did not realize that he was disabled until March 22, 1933. This interlineation was later amended by striking out the date December 8, 1931, and inserting the date of March 22, 1933.

Appellant filed a motion to dismiss the amended complaint upon the ground that the decision in the first case between the parties was *res adjudicata* of the controlling question involved in the case, and that appellee was estopped by the allegations of his former complaints from alleging that he became disabled on March 22, 1933. This motion was overruled and testimony was offered at the trial from which this appeal comes fixing March 22, 1933, as the date upon which appellee became aware that his disability was total and permanent, and that proof thereof was made within 120 days of that date. Testimony was also offered to the effect that proof of an earlier date was a mistake. Appellee was asked this question by his counsel: "You state to the jury that

the first time you ever knew of your disability was on March 22, 1933?" And his answer was: "It was."

The parties entered into a stipulation reading as follows: "It is stipulated that proof of the original record in the case of 5714, *Butler* v. *Pacific Mutual Life Insurance Company of California,* the original transcript may be offered in evidence in this case, subject, of course, to the objections that the court may sustain as to any incompetencies. It is further stipulated that the testimony of Gus Butler in the case of *Gus Butler* v. *Pacific Mutual Life Insurance Co.,* in the United States District Court in Little Rock may be offered in evidence without the necessity of calling the reporter who took the testimony down and transcribed same, subject, of course, to the objections that the court may sustain as to any incompetencies."

Pursuant to this stipulation, the testimony of Dr. McGill, taken at the trial of the suit on the smaller policy was read in evidence by appellee. Appellant offered to introduce from the original transcript in the case appealed to this court, a copy of the complaint filed in that case. This was excluded. Appellant also offered in evidence a copy of the testimony of appellee upon the trial in the Federal court. This was also excluded, exceptions being saved to both rulings.

In support of the contention that the plea of *res adjudicata* should be sustained appellant says: "The question involved in this case was the same as that decided by the court on the former appeal namely, whether Gus Butler, appellee, could recover disability benefits under a policy of insurance when the giving of notice within 120 days from the inception of this disability was a condition precedent to such recovery. Appellant also invokes the rule of *stare decisis,* and insists that for both reasons the judgment here appealed from should be reversed, and the cause dismissed.

In answer to these contentions it may be said that an insurance contract identical with the one here sued on has been construed as requiring notice of the disability to be given within 120 days of its inception. That

proposition has been definitely decided in litigation between the parties here appearing and arising out of a contract identical with the one here sued on. We reaffirm what was said in the opinion in the first appeal. But the notice is given not of the disease or ailment from which the disability finally results; but of the fact of disability itself, when it occurred, and is known to exist and to be total within the meaning of the insurance contract. *Home Indemnity Co.* v. *Banfield Bros. Packing Co., Inc.,* 188 Ark. 683, 67 S. W. (2d) 203; *Missouri State Life Ins. Co.* v. *Barron,* 186 Ark. 46, 52 S. W. (2d) 733; *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520; *Business Men's Assurance Co.* v. *Selvidge,* 187 Ark. 1040, 63 S. W. (2d) 640.

But appellee insists that in the suit on this second policy, he has brought himself within the law as declared on the former appeal, and we are not asked by him to overrule or to qualify that opinion. It is here alleged that appellee has given the notice which the former opinion held to be essential to recovery. While the rule of *stare decisis* requires us to hold that this notice must be given as a condition precedent to a recovery upon the policy here sued on, it was alleged, and testimony was offered, tending to show that the notice was given within the required time. Nor can the plea of *res adjudicata* be sustained. The question of liability on this second policy has not been previously adjudged. It was only decided that giving a certain notice had been made a condition precedent by the terms of a similar policy, and it is now alleged that this notice was given.

In the excellent brief of appellant, numerous authorities are cited on the question as to when the plea of *res adjudicata* should be sustained. Among others, our own case of *Nat'l Surety Co.* v. *Coates,* 83 Ark. 545, 104 S. W. 219. That was a suit against the surety upon a contractor's bond who, it was alleged, had failed to perform a mail service contract with the United States.

The answer alleged a former trial to a jury upon the issue that the contract had been terminated prior to the alleged breach. A demurrer to this pleading was sus-

tained, and in reversing that judgment it was there said: "The paragraph just quoted contains a complete defense to the action, and the demurrer should not have been sustained. It is urged on behalf of the appellee that the former adjudication was not a bar to the present action for the reason that the latter is instituted to recover damages accruing since the former adjudication. This does not prevent the former judgment from barring the present action. According to the allegations of this amendment, the question of the defendant's liability on the contract of suretyship sued on was determined in the former action adversely to the plaintiff's contention in this case, and therefore barred a recovery."

A number of decisions of the Supreme Court of the United States are there cited and quoted from. Among others the case of *Southern Pac. Ry.* v. *U. S.*, 168 U. S. 1, 18 S. Ct. 18, to the following effect: "A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, can not be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." (Citing cases.)

This statement of the law was again quoted and approved by this court in the case of *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278. There are many cases to the same effect.

This rule has application in cases similar to our Coates case, *supra,* where it was quoted. There the fact put in issue and decided by the jury at the first trial was that the contract was not in effect at the time of its alleged breach. This was as complete defense to the claim for damages subsequent to the first trial as it was to those prior thereto, and it having been adjudged that the contract had terminated, the parties to the contract were concluded by that adjudication.

The rule quoted does not apply here. The point at issue which was decided in *Pac. Mutual Life Ins. Co.* v. *Butler, supra,* was not whether Butler had been disabled for more than 120 days before giving notice, but was rather the effect of the failure to give notice. The plaintiff alleged a disability for more than 120 days, and there was no adjudication of that fact as it was not controverted, and was not an issue in the case. That judgment is not decisive of the question of liability on the separate and distinct contract here sued on although of an identical nature because appellee does not ask an adjudication here of the question upon which he lost the former case, that is, whether the notice is a condition precedent. He now concedes that it is, as was held in the former opinion; but he says he was in error upon the question of fact, not controverted and not adjudicated, in the former appeal as to the date from which the existence of the disability should be computed.

The trial court was correct, therefore, in the view that the pleadings in one case and the transcription of appellee's testimony in the other which appellant attempted to introduce in evidence did not sustain the plea of *res adjudicata,* but this evidence was competent by way of impeachment as bearing upon the good faith of the allegation that appellee was mistaken as to the date upon which he became disabled, and the sufficiency of the testimony to support it. *Wrape Company* v. *Barrentine,* 129 Ark. 111, 195 S. W. 27. It was stipulated that these records might be offered in evidence subject to objection as to competency. It is always competent to impeach the essential testimony of a litigant by proving contradictory statements, and also to prove declarations against interest, and the excluded testimony should have been admitted for this purpose. For the error in excluding it, the judgment must be reversed, and the cause will be remanded for a new trial.

McHaney and Baker, JJ., concur in reversal of judgment.