GRAVES, Appellant, vs. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Respondent.

*April 6—April 24, 1917.*

*Accident insurance: Waiver of claim: Failure to give notice within time limited.*

An accident insurance certificate issued by a fraternal benefit society provided that failure of the insured to send notice of an accident, within ten days thereafter, to the supreme secretary should constitute a waiver of the claim. The insured suffered an injury which he supposed to be trivial, but nine days later learned that it was serious. Although he was then able and had time to give the notice within the ten-day period, he did not

do so, but did give it within ten days after he learned that the injury was serious. *Held*, that under such circumstances he was bound by the literal terms of the contract and had waived his claim.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The defendant is a fraternal beneficiary society, and the plaintiff sues upon a certificate issued by it insuring him against bodily injury from accident. It appears by the complaint that the laws of the order, which are made part of the contract, provide that in case of accidental injury the insured member shall, within ten days thereafter, "send a notice in writing of said accident (not the result) to the supreme secretary," and that failure to send such notice shall constitute a waiver of the claim. It further appears by the complaint that on February 5, 1915, the plaintiff, while opening a can with a can opener, received a cut from a piece of tin, which he thought trivial at the time; that several days afterward and while he still believed the injury of no consequence he became disabled and continued to grow worse until the ninth day after the injury, when he called a physician (still supposing that his disability resulted from some other and independent cause), and then for the first time learned from the physician that his disability was caused solely by infection or blood poisoning which had set in from the injury; that he did not notify the defendant of the injury immediately after it happened nor within ten days from the date of receiving the same because he regarded it of no consequence, but that he gave the required notice within ten days after he was aware that said injury was causing the disability. The plaintiff was disabled for seven weeks. A general demurrer to the complaint was sustained and the plaintiff appeals.

For the appellant there was a brief by *Gilbert & Ela* of Madison, and oral argument by *Emerson Ela.*

For the respondent there was a brief by *Jones & Schubring* of Madison, attorneys, and *John A. Millener* of Columbus, Ohio, of counsel, and oral argument by *Burr W. Jones.*

WINSLOW, C. J. The question is a new one in this court; in fact we find no exact parallel for it in any court.

This court has held that such a clause as is here in question should be read with an exception saving the rights of an insured person who was totally incapacitated by unconsciousness from complying with it during the whole period (*Comstock v. Fraternal Acc. Asso.* 116 Wis. 382, 93 N. W. 22), and that the words "immediate notice," in case of a claim for a death loss, means as soon as practicable after the beneficiary obtains knowledge of the death of the insured. *Cady v. Fidelity & C. Co.* 134 Wis. 322, 113 N. W. 967. Both cases are founded upon the principle that a contract stipulation should not be construed so as to require the giving of a notice before it is possible to do so.

It is manifest that neither case is controlling here. The plaintiff knew he had received an injury and was physically able to give the notice, but did not do so because he thought it trivial. More than this, however; on the ninth day after the injury and while he still had ample time to "send a notice" as required by his contract, he learned that the injury was serious and had produced his disability. We do not suppose it would be claimed that, if he had learned this for the first time on the fourth or fifth day, the ten-day period would have been extended another ten days. Certainly this would not be reasonable, for in such case the ten-day limitation would amount to little. In all cases of minor injuries resulting seriously in the end the insured would have an easy method of escaping from his contract.

If the insured neither knew nor had reasonable ground for believing that his wound was other than trivial until after the expiration of the ten-day period, a different question

would be presented upon which the authorities seem to be in conflict.    *Hatch v. U. S. C. Co.* 197 Mass. 101, 83 N. E. 398, 14 L. R. A. N. S. 503; *U. S. C. Co. v. Hanson,* 20 Colo. App. 393, 79 Pac. 176.    See, also, *Phillips v. U. S. Ben. Soc.* 120 Mich. 142, 147, 79 N. W. 1.    We intimate no opinion either way on this question.

We are well convinced, however, that, in a case like the present, where the insured was fully informed of the serious nature of the injury within the ten-day period and was entirely able to give the notice and had ample time to give it before the expiration of the period, he must be held to be bound by the literal terms of his contract.    It is not a case of construing a contract so that it requires the impossible.

*By the Court.*—Order affirmed.