CITY BANK OF PORTAGE, Appellant, vs. BANKERS LIMITED
MUTUAL CASUALTY COMPANY, Respondent.

*October 13—November 10, 1931.*

*H. B. Rogers* of Portage, for the appellant.

Rosenberry, C. J. By the policy issued, the defendant agreed—

"to indemnify City Bank of Portage, Wisconsin, hereinafter called the assured, against the direct loss sustained while this policy is in force and discovered as hereinafter provided, of any money or securities, or both, as defined in section 1 hereof," in an amount not exceeding $25,000.

(A, B, and C, immaterial.)

"D. Through larceny, fraud, forgery, embezzlement, wrongful abstraction or wilful misapplication" of said securities.

By paragraph 6 it was provided that the company should not be liable for any loss, notice of which is not given within ten days after the discovery.

Paragraph 7 provides that the policy should be payable within sixty days after submission of satisfactory proof; that no action should be brought on any claim prior to sixty days after filing proof, nor commenced within six months after the employer shall have filed notice of loss, this clause being made subject to any specific statutory provision.

Paragraph 12 contains the following provision:

"The company shall not be liable under this policy:

". . . d. For any loss sustained during the term of this policy (including continuation periods thereof) and not discovered within eighteen months after the occurrence of such loss."

On behalf of the plaintiff it is argued (1st) that the provision of the policy contained in clause 12 limits the right of recovery to acts discovered within eighteen months after the performance thereof, is a contractual period of limitation, and conflicts with the general statute of limitations and is therefore not operative; and (2d) that clause 12, if not a limitation, is an attempt to defeat the policy of insurance by means of a rider attached to it and is void as against public policy. The defendant contends that the clause in question limits the coverage and that it is liable only for those defaults which are in fact discovered within eighteen months after they are committed; that the indemnity is against loss sustained while "the policy is in force and discovered."

It would be difficult to use language more clearly relating to coverage than does the quoted language. It relates wholly to liability and not to the time within which liability may be enforced. It is a material and important clause in the contract and must affect the amount of premium paid. It is urged that the policy should be strictly construed against the insurer. The rule of strict construction often applied to insurance policies is not infrequently invoked in an effort to modify the terms of the policy by construction. As this

court said in a former case, *Tischendorf v. Lynn Mut. F. Ins. Co.* 190 Wis. 33, 208 N. W. 917:

"The liability of an insurance company is based upon a contract entered into between the parties and must be governed by the provisions thereof, and, where such provisions are clear and unambiguous, the rule of strict construction against insurance companies cannot be resorted to for the purpose of modifying the contract or of creating a new contract."

What has already been said disposes of the second contention made by the plaintiff. The plaintiff is not obliged to take out a policy of insurance, and when it does, it may take it out upon such terms and conditions as in its opinion will best protect its interests. The fact that a policy is issued to it under the terms of which no liability arises unless the loss is discovered within eighteen months, certainly cannot be said to be contrary to public policy. The plaintiff must be presumed to know the limitations of the contract into which it enters. However great the necessities of the plaintiff bank may be, these cannot operate to change the plain intent and language of its contracts.

*By the Court.*—Order affirmed.