MUTUAL BUILDING & SAVINGS ASSOCIATION, Respondent, vs. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

*February 8—March 6, 1934.*

For the appellant there were briefs by *Upham, Black, Russell & Richardson,* attorneys, and oral argument by *Fraley N. Weidner* and *Clark M. Robertson* of counsel, all of Milwaukee.

For the respondent there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *Edwin J. Gross*.

NELSON, J. The complaint in substance alleges that on December 24, 1925, in consideration of the payment by the plaintiff to the defendant of a certain premium, the defendant agreed to indemnify the plaintiff and any bank or banks in which it carried a deposit account subject to check, as the respective interests may appear, for the period of twelve months against direct loss through the payment by the plaintiff, or any such bank, of any check which shall have been drawn by the plaintiff against such bank and upon which the name of the payee or of any person, firm, or corporation as indorser thereof shall have been forged; that on or about March 30, 1926, and April 12, 1926, the plaintiff issued checks to one Jessie Vick for $900 and $700, respectively; that said checks were cashed at non-drawee banks and subsequently presented to the First Wisconsin National Bank, the drawee bank, for payment; that payment was made thereon and said amounts were charged against plaintiff's deposit account; that said checks so presented as aforesaid bore the indorsement of Jessie Vick but that such indorsements were forgeries; that the plaintiff had no knowledge of said forged indorsements until September 19, 1929, when action was commenced by Jessie Vick against it for the recovery of the amounts of said checks; that within a reasonable time thereafter the plaintiff tendered the defense of said action to the defendant; that the defendant refused to accept said defense; that the plaintiff thereafter compromised the said action by paying Jessie Vick the sum of $1,525, and that the costs of defending said action amounted to $1,000.

The answer admits many of the allegations of the complaint but alleges that the policy of insurance mentioned in the complaint expired on December 24, 1926; that said

policy contained, among other conditions, the following provisions:

"3. The insured shall, at least every three months, balance its accounts with each bank with figures furnished by the bank and shall obtain from the bank its paid and canceled checks and drafts and examine and verify the same promptly.

"4. As soon as practicable after the discovery by the insured that any check or other instrument has been forged, raised, or altered as aforesaid, or of any facts or circumstances so indicating, the insured shall notify the company thereof in writing at its home office in the city of New York, N. Y., and shall, within sixty (60) days after such discovery, present to the company a detailed proof of claim; but no claim not filed within three (3) months after the expiration of the term covered by this policy shall be valid or enforceable.

"6. Upon payment of any loss under this policy the company shall be subrogated to all claims and rights of the insured and the bank in any way arising or growing out of such loss, and the insured and/or such bank shall, whenever possible, deliver to the company the original instrument which is the basis of claim and shall execute any and all papers required by the company to secure to it such claims and rights. It is especially understood and agreed that the subrogation agreement shall not apply to any recovery whether made by the company or the insured until the insured has been reimbursed for his entire loss, it being the true intent and meaning of this policy to indemnify the insured against loss up to the amount of this policy and further to give the insured the benefit of any recovery up to the full amount of his loss; but if the recovery be made by the company, any expense incurred in making such recovery shall first be deducted from the amount of such recovery and the insured shall be entitled only to the net amount remaining."

The answer further alleges that the plaintiff failed to comply with the terms and conditions of paragraphs 3 and 4 in that it failed properly to examine and verify the canceled checks which are the basis of the claim in this action and

failed within three months after the expiration of the term of said policy to file a proper proof of claim as required by said policy; that in the action instituted by said Jessie Vick against the plaintiff and upon motion of the latter, the Wauwatosa State Bank, which first cashed the checks, was made a party defendant in that action; that the plaintiff herein cross-complained against it for the amount of said checks, and that the complaint of the said Jessie Vick and the cross-complaint of the plaintiff herein against said bank were thereafter dismissed upon their merits; that the said policy of insurance contained no provision requiring the defendant to defend the action brought by Jessie Vick against the plaintiff herein and that the release of the Wauwatosa State Bank was in derogation of its right of subrogation given by the policy. The plaintiff demurred to the defendant's answer and the court sustained the demurrer.

The demurrer to the answer reaches back to the complaint and requires us to determine whether the answer sets up a good defense to the plaintiff's complaint. *Whitewater v. Richmond*, 204 Wis. 388, 235 N. W. 773; *Watertown Milk Producers Co-op. Asso. v. Van Camp P. Co.* 199 Wis. 379, 225 N. W. 209, 226 N. W. 378; *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435.

The defendant contends (1) that the clause of the policy which provides that no claim not filed within three months after the expiration of the term covered by the policy shall be valid, relates to coverage or liability and is a bar to this action even though the plaintiff did not know of the loss within three months after the expiration of the term; (2) that the release by the plaintiff of the Wauwatosa State Bank destroyed its right to subrogation and therefore released defendant from all liability to the plaintiff; and (3) that the defendant was under no duty to defend an action brought against the plaintiff. In the view we take of this

controversy, only the first contention need be considered. As hereinbefore stated, the policy provided:

"But no claim not filed within three months after the expiration of the term covered by this policy shall be valid or enforceable."

The policy expired December 24, 1926. No claim was filed with the defendant within three months from the date of the expiration of said term.

It is our conclusion that this case is ruled by *City Bank of Portage v. Bankers L. M. Cas. Co.* 206 Wis. 1, 238 N. W. 819. In that case recovery was sought under a policy indemnifying the bank against loss resulting from the fraudulent acts of its employees. So much of the provision of the policy there construed was as follows:

"The company shall not be liable under this policy:

". . . d. For any loss sustained during the term of this policy (including continuation periods thereof) and not discovered within eighteen months after the occurrence of such loss."

It was there held that such language was very clear 'and related to coverage. While the language of that provision is not the same as the language of the policy here construed its substance and effect are the same. In that case it was held that as the loss was not discovered within eighteen months after the occurrence of such loss the plaintiff could not recover. The provision in the case at bar is clear and unambiguous and requires as a condition precedent to recovery that a claim be filed within three months after the expiration of the term covered by the policy. The circuit court was of the opinion that the policy should be construed so as to permit the insured a reasonable time to file a claim after learning of a loss due to the forgery of an indorsement, because of the difficulty or impossibility of discovering that indorsements are forged by merely examining checks and in-

specting the indorsements thereon, and that this controversy is governed by the principles of such cases as *Woodmen Accident Asso. v. Byers,* 62 Neb. 673, 87 N. W. 546; *Comstock v. Fraternal Accident Asso.* 116 Wis. 382, 93 N. W. 22; *Graves v. United Commercial Travelers,* 165 Wis. 427, 162 N. W. 425. In each of these cases there was involved a failure of an assured in an accident policy to give the notice required by the policy because the assured was so severely injured or incapacitated as to be unable to function mentally within the time notice was required to be given. It is our opinion that this controversy is not ruled by such cases. In *City Bank of Portage v. Bankers L. M. Cas. Co., supra,* it was held that the provisions therein related wholly to liability. Clauses, similar in substance and effect, have been almost universally held to be valid, not against public policy, and to relate to liability. *Hartford Accident & Indemnity Co. v. Nieman-Marcus Co.* (Tex. Comm. App.) 285 S. W. 603; *De Jernette v. Fidelity & Casualty Co. of New York,* 98 Ky. 558, 33 S. W. 828; *Larrabee v. Title Guaranty & Surety Co.* 250 Pa. St. 135, 95 Atl. 416; *Fidelity & Casualty Co. of New York v. Hoyle,* 64 Fed. (2d) 413; *Thompson v. American Surety Co. of New York,* 42 Fed. (2d) 953; *Underwriters Finance Corp. v. Union Indemnity Co.* 61 Fed. (2d) 865; *Hood v. Rhodes,* 204 N. C. 158, 167 S. E. 558; *Barnard v. Megorden,* 94 Ind. App. 391, 178 N. E. 868; *Colony State Bank v. Watson,* 104 Kan. 3, 177 Pac. 544; *First Nat. Bank of Islip v. National Surety Co.* 228 N. Y. 469, 127 N. E. 479; *Chicora Bank v. United States F. & G. Co.* 161 S. C. 33, 159 S. E. 454.

The policy here considered provides that claim must be made within three months after the expiration of the term, not within three months after learning of a loss. That the loss must be discovered within three months after the expiration of the term is clearly implied. *Fidelity & Casualty*

*Co. of New York v. Hoyle, supra; Colony State Bank v. Watson, supra; First Nat. Bank of Islip v. National Surety Co., supra.* Until a loss was discovered no claim obviously could be filed.

Since it appears from the allegations of the complaint and answer that no claim was filed within three months after the expiration of the term covered by the policy, no recovery may be had.

Plaintiff contends that sec. 201.19, Stats., prohibits the issuing or delivering in this state of any policy or contract of insurance containing any provision "limiting the time for beginning an action on the policy or contract to a time less than that prescribed by the statutes of limitations of this state, or specifically authorized by law." That section relates to provisions in a policy of insurance as to the beginning of actions and not to provisions relating to notice, making proof of loss, or filing claims thereunder. That statute has no applicability to this controversy.

Since we are of the opinion that the allegations of the answer relating to the failure of the plaintiff to make or to file a claim within three months after the expiration of the term covered by the policy constitutes a good defense, it is unnecessary for us to consider defendant's other contentions.

*By the Court.*—Order reversed, with directions to enter an order overruling the plaintiff's demurrer to the defendant's answer.

FRITZ, J., took no part.