BANK OF KAUKAUNA, Respondent, vs. MARYLAND CASUALTY COMPANY, Appellant.

*March 12—April 9, 1940.*

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton* and *Mr. A. W. Parnell.*

For the respondent there was a brief by *Bradford, Bradford & Derber* of Appleton, and oral argument by *A. S. Bradford.*

FRITZ, J.   In passing upon the defendant's appeal from the order denying its motion for summary judgment, it suffices to note the following facts which appear, without dispute, from the statements in the complaint, as finally amended, and the affidavits filed by the parties.   The "Bankers' Blanket Bond," upon which plaintiff bases its alleged right to recover herein, was issued by the defendant on April 1, 1931, to indemnify the plaintiff against losses caused by dishonest acts of its officers and employees.   The bond was renewed annually until it was canceled by plaintiff as of April 1, 1937.   The loss, which was caused by embezzlements by plaintiff's cashier, Towsley, and which it seeks to recover herein, was not discovered by it until April 21, 1938. On that day plaintiff notified defendant of its discovery of the loss, and until then there was no notice or intimation to defendant of any wrongdoing by Towsley.   The material provisions in the bond are:

(Sec. 2) That it "covers losses which shall be sustained after noon" of the date of the policy and prior to noon "of the effective date of the cancellation" thereof, "and which, in case of losses caused by any employee or employees as to whom this bond, prior to such cancellation, shall have terminated, . . . shall be discovered before the expiration of one year from such termination, and in case of all other losses,

before the expiration of one year from the date of such cancellation."

(Sec. 16) "This bond is subject to the following express conditions: At the earliest practicable moment, and at all events not later than ten days, after the insured shall discover any loss hereunder, the insured shall give the underwriter notice thereof . . . and shall also, within three months after such discovery, furnish to the underwriter . . . affirmative proof of loss with full particulars."

The defendant claims (1) that in view of the above stated provision in sec. 2 of the bond the loss caused by Towsley's embezzlements is not within the coverage afforded by the bond, because it was not discovered before the expiration of one year from the date of cancellation of the bond; and furthermore, (2) that there can be no recovery herein because of plaintiff's failure to comply with the provision in sec. 16 (above quoted) that the bond is subject to the express condition that notice of the loss shall be given by the insured to the surety not later than ten days after the insured's discovery thereof. On the other hand, to avoid these claims, plaintiff relies upon statements in its complaint and affidavits that before the expiration of one year from its cancellation of the bond defalcations by its assistant cashier, Mulholland, were discovered and an audit was made by which the amount of its loss by his defalcations was determined, and notice as to that loss was given to defendant prior to April 1, 1938; that in making that audit it was discovered that Towsley and Mulholland had conspired together to defraud the plaintiff by each embezzling money, etc., of the plaintiff for his own use, and to conceal the knowledge of each other's embezzlement from the plaintiff's officers and stockholders and the public. Plaintiff contends that its discovery within the one-year period of Mulholland's defalcations and of the conspiracy between him and Towsley constituted such a discovery that the loss sustained by reason of Towsley's defalcations is likewise to be deemed to have been discovered

within that one-year period; and that therefore the latter loss is within the coverage of the bond, and plaintiff is entitled to have a trial at which to prove the extent of the conspiracy.

It neither appears nor is it contended by plaintiff that either Mulholland or Towsley was the instigator of defalcation or wrongdoing by the other or in any way actively participated in bringing it about, or that the loss caused by either's defalcations was in any way attributable to the other, or that either received or was benefited by the fruits of the other's defalcations. On the other hand, it clearly appears that the loss due to Mulholland's defalcations was separate and distinct from the loss by reason of Towsley's defalcations, and that the latter loss was not part of the loss due to the defalcations by Mulholland which were discovered within the one-year period. Under these circumstances, the mere facts that each was aware of the other's defalcation and that they conspired to conceal their knowledge thereof, and that the discovery within the one-year period of the existence of the conspiracy ultimately led up to the discovery, after the expiration of that year, of the loss caused by Towsley's defalcations, did not constitute the loss by reason of his defalcations any part of the loss caused by Mulholland. Consequently the discovery within the one-year period of the loss caused by Mulholland was not likewise such·a discovery within that period of the loss caused by Towsley as is necessary, in view of sec. 2 of the bond, in order to constitute the latter a loss within its coverage. The provision limiting the coverage to such losses as shall be discovered before the expiration of one year from the date of the cancellation of the bond is absolute and unconditional. Only such loss as is in fact discovered within this period is within the coverage, and unless it is so discovered there can be no recovery therefor under the bond. *City Bank of Portage v. Bankers L. M. Cas. Co.* 206 Wis. 1, 238 N. W. 819; *Mutual Bldg. & S.*

*Asso. v. American S. Co.* 214 Wis. 423, 253 N. W. 407. Neither the utmost diligence in endeavoring to discover a loss nor difficulty which prevented discovery constitutes an excuse. As the court said in relation to similar provisions in *Thompson v. American Surety Co. of New York* (C. C. A.), 42 Fed. (2d) 953, 955,—

"There seems to be no ambiguity in the terms of this contract, and, hence, there is no occasion to invoke rules for its construction. The provisions are specific, and the parties had a right so to contract. The liability was plainly limited to such losses as might be discovered within the time specified. The parties were *sui juris;* hence, capable of contracting, and they saw fit to contract for a limited liability. The liability is in no way dependent upon the exercise of diligence in discovering losses, and to read such a provision or condition into the contract would amount to making a new contract for the parties. Similar provisions in insurance and indemnity contracts have been upheld by the previous decisions of this court."

Moreover, even if plaintiff's discovery of Mulholland's defalcations and of the conspiracy between him and Towsley before the expiration of the one-year period on April 1, 1938, could have been deemed to constitute also the discovery within that period of the loss caused by Towsley, plaintiff would still not be entitled to recover because of the failure to give notice to defendant of the latter within ten days after such discovery thereof, as was required by the provision in sec. 16, that,—

"This bond is subject to the following express conditions: At the earliest practicable moment, and at all events not later than ten days, after the insured shall discover any loss hereunder, the insured shall give the underwriter notice thereof by registered letter or telegram."

As the loss on account of which plaintiff seeks to recover herein had to be discovered at least before the expiration of the one-year period on April 1, 1938, in order to be within the coverage of the bond, April 10, 1938, was the last day on ·

which notice thereof could have been given to the defendant in order to constitute compliance by the plaintiff with that express condition. As no such notice in relation to a loss caused by Towsley's defalcations was given to the defendant until April 21, 1938, there was a fatal failure on plaintiff's part to comply in this respect with sec. 16 of the bond. It follows that upon the undisputed facts stated above, and the limitations as to coverage in the bond, which are not in violation of or in conflict with any provision in sec. 224.06 (1), Stats., the defendant was entitled to have its motion for summary judgment granted by the court.

*By the Court.*—Order reversed with directions to grant defendant's motion for summary judgment dismissing the complaint.