R. C. MAHON COMPANY, Appellant, v. HEDRICH CONSTRUCTION COMPANY, and another, Respondents.*

*No. 22. Argued June 3, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 621.)

* Motion for rehearing denied, with costs, on September 30, 1975.

For the appellant there were briefs by *Quarles & Brady*, attorneys, and *Thomas W. O'Brien, Ronald L. Wallenfang* and *Peter C. Karegeannes* of counsel, all of Milwaukee, and oral argument by *Mr. Karegeannes*.

For the respondents there was a brief by *Prosser, Wiedabach, Lane & Quale, S. C.*, attorneys, and *Jack R. Wiedabach* and *William P. Croke* of counsel, all of Milwaukee, and oral argument by *Jack R. Wiedabach*.

WILKIE, C. J. This is an action on a payment bond by a supplier of a subcontractor brought against the prime contractor and the surety. We affirm the trial court's determination that the plaintiff-appellant is barred from recovery because it failed to give notice of its claims as required by the terms of the bond.

Defendant-respondent Hedrich Construction Company was the prime contractor engaged to construct an office building by the General Telephone Company. To insure payment to "every person" for "all the claims for labor performed, and materials furnished," and to eliminate statutory lien rights, Hedrich gave a payment bond as allowed under sec. 289.035 (1), Stats. Architectural Wall Systems, Inc., subcontracted to furnish and install metal sidewall panels for the building. In turn, Mahon supplied the panels to Wall. Hedrich paid Wall for the materials and services, but Wall became insolvent and never paid plaintiff. Plaintiff then commenced this action upon the payment bond, against Hedrich and the bond's issuer, defendant-respondent Fidelity & Deposit Company of Maryland, seeking $23,567.44, the unpaid balance due on its contract with Wall.

The Private Improvement Labor and Material Payment Bond, secured by Hedrich, provided, in pertinent part:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal [Hedrich] shall promptly make payment to all persons entitled thereto for all claims for labor performed and materials furnished to the Principal or any of his subcontractors under the Contract, and subsequent amendments thereto, to be used or consumed in making the improvement or performing the work of improvement as provided in the Contract, and subsequent amendments thereto, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

". . .

"3) Any claimant who is in a contractual relationship with a subcontractor of the Principal but not in such relationship with the Principal shall within 90 days from the day he last performed any labor or furnished any material give notice of his claim by registered mail, return receipt requested, addressed to the Owner and to the Principal at their addresses stated herein.

"4) Any party in interest may, not later than one year after the completion of the contract, maintain an action in his own name against the Principal and the Surety upon this bond for the recovery of any damages he has sustained by reason of the breach of the Condition of this bond. If the amount of this bond is insufficient to satisfy all of the claims of the parties in full, it shall be distributed among the parties pro rata."

Two issues are involved on this appeal:

I. Is the plaintiff-appellant a "party in interest" statutorily entitled by sec. 289.035 (2), Stats., to sue on a payment bond?

II. Is the ninety-day notice provision contained in the bond void, for conflicting with sec. 289.035 (2), Stats., giving any "party in interest" one year after final completion of the contract in which to sue?

*Is plaintiff-appellant a "party in interest"?*

Under sec. 289.03 (2), Stats., where a prime contractor on a private construction project furnishes a payment bond, construction lien rights except those of the prime

contractor himself, are eliminated.[1] The nature of the bond and of the prime contractor's obligations are specified in sec. 289.035 (1), which provides in part:

"(1) To eliminate lien rights as provided in s. 289.03 (2), the contract between the owner and the prime contractor for the construction of the improvement shall contain a provision for the payment by the prime contractor of all claims for labor performed and materials or plans or specifications furnished, used or consumed, . . . in making such improvement and performing the work of improvement. The contract shall not be effective to eliminate lien rights unless the prime contractor gives a bond issued by a surety company licensed to do business in this state. The bond shall carry a penalty for unpaid claims of not less than the contract price, and shall be conditioned for the payment to every person entitled thereto of all the claims for labor performed, and materials furnished under the contract and subsequent amendments thereto, to be used or consumed in making the improvement or performing the work of improvement as provided in the contract and subsequent amendments thereto. . . ."

Sec. 289.035 (2), which governs who may sue on the payment bond, provides in part as follows:

"(2) Any party in interest may, not later than one year after the completion of the contract, maintain an action in his own name against the prime contractor and the sureties upon the bond for the recovery of any damages he has sustained by reason of the failure of the prime contractor to comply with the contract or with the contract between the prime contractor and subcontractors. . . ."

---

[1] Sec. 289.03 (2), Stats., provides: "PAYMENT BOND MAY ELIMINATE LIEN RIGHTS. In any case where the prime contractor, pursuant to agreement with the owner, has furnished a payment bond under s. 289.035, all liens provided by s. 289.01 except those of any prime contractor do not exist, ss. 289.02 (1) to (4) and (6) and 289.06 do not apply and all claimants who have no lien shall follow the requirements and procedures specified in ss. 289.035 and 289.036."

The question is: Is the plaintiff-appellant here a "party in interest" entitled to sue Hedrich, the prime contractor, and the surety, by virtue of Hedrich's alleged failure to comply with its contractual obligation to pay "all claims for . . . materials . . . furnished, used or consumed . . . in making such improvement and performing the work of improvement"? We conclude that plaintiff-appellant Mahon is such a party in interest entitled to maintain this action.

As the court indicated in *Gilson Bros. Co. v. Worden-Allen Co.*[2] the question of whether a person is entitled as a party in interest to sue on a payment bond depends upon whether that person would have a statutory lien in the absence of the bond. Clearly Mahon, as supplier of materials used in the construction of the building, would be entitled to such a lien under sec. 289.01 (3), Stats., which provides in part:

"EXTENT AND CHARACTER OF LIEN. Every person who performs any work or procures its performance or furnishes any labor or materials or plans or specifications for the improvement of land . . . shall have a lien therefor on all interests in the land belonging to its owners. . . ."[3]

---

[2] (1936), 220 Wis. 347, 265 N. W. 217. In this case the court held that the plaintiff who had supplied iron posts to a subcontractor for construction of a bridge for the State unable to recover under a payment bond mandatory for public construction contracts. The court held that the statute requiring the bond limited the "parties in interest" entitled to sue thereon, to those persons who were entitled to a statutory lien for private construction projects at the time, 1899, when the mandatory payment bond statute was enacted. Since in 1899 suppliers to subcontractors had no statutory lien, they were not "parties in interest" entitled to sue on the bond. *See:* Sec. 3315, Stats. 1898. *See generally: The Wisconsin Mechanic's Lien Statute,* 1943 Wis. L. Rev. 277, 278, 292–295; Raushenbush, *Wisconsin Construction Lien Law—1974,* pp. 190, 191.

[3] In 1898, a lien was only granted to a furnisher of materials who was a "subcontractor of a principal contractor." Sec. 3315,

Moreover, plaintiff's claim here falls squarely within Hedrich's obligation under sec. 289.035 to pay "all claims for . . . materials . . . furnished, used or consumed."

Defendant Hedrich contends that plaintiff is not statutorily entitled to sue on the bond for two reasons: (a) Plaintiff has lien rights under sec. 289.036, Stats., which, Hedrich argues, are exclusive; and (b) in the recent decision of *Peabody Seating Co. v. Jim Cullen, Inc.*,[4] this court held a supplier of materials to a subcontractor for use in a public construction project unable, under the relevant statute, to sue on a payment bond. We disagree with each of these contentions.

(a) *Sec. 289.036, Stats.* Under sec. 289.036, Stats.,[5] in cases where a payment bond is provided, any person supplying materials to the prime contractor or subcontractor has a lien on any payments due to the prime or subcontractor, if the supplier files appropriate notices before any such payments are made. If it had acted in time, plaintiff could have utilized this section to secure a lien on payments from defendant Hedrich to the insolvent subcontractor Wall. However, this section did not provide plaintiff its exclusive relief. Nothing in

Stats. 1898. However, ch. 213 of Laws of 1913 amended this section to provide a lien to "Every person who . . . furnishes any materials."

[4] (1972), 56 Wis. 2d 119, 201 N. W. 2d 546.

[5] This section provides in part: "**Contracts with payment bond; lien; notice; duty of owner and lender.** (1) In any case in which an improvement is constructed or to be constructed pursuant to a contract and payment bond under s. 289.035, any person furnishing labor or materials or plans or specifications to be used or consumed in making the improvement, to any prime contractor or subcontractor shall have a lien on the money or other payment due or to become due the prime contractor or subcontractor therefor, if the lienor, before payment is made to the prime contractor or subcontractor, gives written notice of his claim by registered mail with return receipt requested to the owner or his authorized agent and to any mortgage lender furnishing funds for the construction of the improvement."

sec. 289.036 indicates it is exclusive, and such exclusivity should not be implied where plaintiff is afforded rights under the plain language of both secs. 289.035 and 289.-036. Furthermore, the 1967 Legislative Council Note to sec. 289.036 indicates its provisions were designed to be supplementary to those of sec. 289.035: "It adds a lien on contract proceeds, to the extent unpaid when notice is received, to the rights under the payment bond in s. 289.035 . . . ."[6]

(b) *The Peabody Seating Co. Case.* In *Peabody Seating Co.* the court held a supplier of materials to a subcontractor for use in a public construction project unable to sue under the relevant statutes[7] on a payment bond. (Payment bonds are mandatory for public construction projects.) However, because the terms of the bond went beyond the requirements of the statute, the court held that the supplier was a proper claimant under the bond itself, where it had complied with the ninety-day notice provisions in the bond. Hedrich argues that *Peabody Seating Co.* is controlling here. We disagree. In *Peabody* the court reiterated the long-standing rule in Wisconsin that suppliers of materials to subcontractors for use in *public* construction projects have no statutory lien.[8] Thus such persons may be given rights under the payment bond or not, as the prime contractor may choose. However, as we have noted, suppliers, like the plaintiff here, of materials to subcontractors for use in *private* construction projects do have statutory lien rights. Thus, when these rights are eliminated by a payment bond, the suppliers are granted, unlike their counterpart in the public sector, the compensating right to sue as a "party in interest" on the bond. Thus, we conclude that while *Peabody* applies in the case of public

---

[6] *See:* 35 W. S. A. (1974–1975 pocket part), sec. 289.036. *Accord:* Raushenbush, *supra,* footnote 2, at page 196.

[7] Secs. 289.16 (1) and 289.53 (1), Stats. 1965.

[8] 56 Wis. 2d at page 124.

construction projects, where private projects are concerned, a supplier of a subcontractor does have a statutory right as a "party in interest" to sue on the bond.

*Is the ninety-day notice provision in surety bond valid?*

It is undisputed that plaintiff's action was commenced within the one-year time limit prescribed by sec. 289.035 (2), Stats. It is also undisputed that because plaintiff gave no notice of nonpayment within ninety days of delivering the panels, under the terms of the bond, plaintiff may not maintain its action if the notice provision of the bond is valid.

*Peabody* is not controlling on this point. While the bond involved in that case also contained a ninety-day notice provision similar to the one involved here, in *Peabody* the court held its terms had been complied with and thus never considered its validity. More importantly, as noted earlier, that case involved a public construction project payment bond where, the court said, coverage of suppliers of subcontractors was optional.

In challenging the validity of the ninety-day notice provision in the bond, plaintiff essentially makes two arguments. First, plaintiff asserts that the notice provision in the bond directly conflicts with the one-year period of limitation in sec. 289.035 (2), Stats., and is therefore void. Second, plaintiff contends that even if sec. 289.035 (2) does not prohibit any notice provision less than one year, still, a ninety-day provision is invalid. Plaintiff points out that the bond was designed to provide rights commensurate with the statutory construction lien rights that the bond eliminates. Sec. 289.06 (1) and (2) provide that no suit to enforce a lien may be brought unless within five months after furnishing the last labor or materials the claimant files notice of intent to file a lien claim. To provide commensurate rights, plaintiff argues that the bond must allow five months, rather than ninety

days, in which a notice of nonpayment must be filed. Plaintiff's arguments are unpersuasive.

The general rule in this state is that:

". . . parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy."[9]

The ninety-day notice of nonpayment provision in the bond does not conflict with the statutory one-year period of limitation for commencing an action. In *Mutual Bldg. & Savings Asso. v. American Surety Co.*[10] the court considered a very similar problem. A statute expressly prohibited an insurer from writing into a policy any period of limitation shorter than the applicable statute of limitation. The insured argued this statute rendered void a policy provision requiring, as a prerequisite to suit, the filing of a claim within ninety days of the end of the policy term. The court upheld the policy provision, stating:

"Since it appears from the allegations of the complaint and answer that no claim was filed within three months after the expiration of the term covered by the policy, no recovery may be had.

"Plaintiff contends that sec. 201.19, Stats., prohibits the issuing or delivering in this state of any policy or contract of insurance containing any provision 'limiting the time for beginning an action on the policy or contract to a time less than that prescribed by the statutes of limitations of this state, or specifically authorized by law.' That section relates to provisions in a policy of insurance as to the beginning of actions and not to provisions relating to notice, making proof of loss, or filing claims thereunder. That statute has no applicability to this controversy."[11]

---

[9] *Bean v. Kovacik* (1960), 10 Wis. 2d 646, 650, 103 N. W. 2d 899.

[10] (1934), 214 Wis. 423, 253 N. W. 407.

[11] *Id.* at page 429.

Similarly, in the instant case the one-year limitation period in the statute does not invalidate the ninety-day notice provision in the bond. The two are not inconsistent and, indeed, the bond contains both provisions.

Moreover, we conclude that the ninety-day notice provision does provide plaintiff protection commensurate to the protection provided under the statutory construction lien provisions. Plaintiff argues it is required to give notice earlier under the bond than under the statute, and that it should not be required to exercise greater diligence under the bond than required under the construction lien statutes. Plaintiff overlooks sec. 289.02 (2) (b), Stats.,[12] which provides that to preserve lien rights subcontractors and suppliers must notify the owner within sixty days after furnishing the first labor or materials, that they are included in the construction project. This notice provision is not directly analogous to the notice-of-nonpayment provision in the bond. However, failure to comply with sec. 289.02 (2) (b) eliminates full statutory lien rights, and this statute requires greater promptness than the ninety-day provision in the bond. Thus, while the bond and the statutory lien provisions are not precisely identical, we conclude that plaintiff's rights and obligations under the two are substantially commensurate.

We also conclude that the ninety-day notice provision is not against public policy. Under the construction lien statutes, subcontractors or suppliers must also exercise due diligence to protect their rights. The bond provision imposes on the supplier the duty to inquire about the

---

[12] If notice is not timely served, full statutory lien protection is lost. Under sec. 289.02 (3), Stats., however, late notice still protects lien rights as to "labor or materials furnished after the late notice is actually received by the owner." It appears from the record in the instant case that plaintiff supplied all the materials at one time. Thus, if plaintiff had failed to file timely notice under sec. 289.02 (2) (b), resort to late notice under sec. 289.02 (3) would have been of no avail.

bond's existence. Certainly, before expiration of the ninety-day period the supplier realizes that he has not been paid for the materials furnished, and the duty thus imposed is not onerous. Sec. 289.035 (3), Stats., requires the prime contractor, upon request, to make copies of the bond and contract available to anyone furnishing labor or materials. Additionally, it must be noted that the bond's notice provision involved here is prescribed by law in federal construction projects.[13] Thus, we cannot conclude that the provision violates public policy.

*By the Court.*—Judgment affirmed.